FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

APR - 2 2004

DAVID J. MALAND, CLERK
BY
DEPUTY _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

SOVERAIN SOFTWARE LLC          §
                               §
        Plaintiff              §
                               §
vs.                            §          CASE NO.  6:04-CV-14
                               §
THE GAP, INC.                  §
                               §
        Defendant              §

## NOTICE OF SCHEDULING CONFERENCE,
## PROPOSED DATES FOR DOCKET CONTROL ORDER,
## AND DISCOVERY ORDER

The court, *sua sponte*, issues this Notice of Scheduling Conference, Proposed Dates for Docket Control Order and Discovery Order.

### Notice of Scheduling Conference

Pursuant to Fed. R. Civ. P. 16 and Local Rule CV-16, the Scheduling Conference in this case is set for **May 24, 2004 at 1:30 p.m. at the United States District Courthouse, 211 West Ferguson, 3rd Floor, Judge Davis's Courtroom, Tyler, Texas for those appearing in person.** The parties are directed to meet and confer in accordance with Fed. R. Civ. P. 26(f) and P.R. § 2-1 no later than fourteen (14) days before the conference. The parties are excused from the requirement of filing a written proposed discovery plan in this case.

**Telephonic Appearance**

In the event of conflicting schedules, the parties are allowed to attend telephonically. If appearing by phone, Counsel is requested to notify the Court within 14 days from receipt of this notice via facsimile (903) 590-1190 that one or both parties will be attending telephonically. If one party is appearing by phone, Counsel for that party is requested to phone the Court (903-590-1084) at the scheduled hearing time as provided above. If both counsel appear telephonically, Plaintiff's counsel is requested to initiate the conference call for the parties, phoning Judge Davis last at (903-590-1084) at the scheduled hearing time as provided above.

**Stipulation of the Parties**

**It is not necessary to attend this Scheduling Conference if the parties agree to:**

    a.   The proposed dates for the Docket Control Order
         as outlined in Appendix A;
    b.   The guidelines contained in the discovery order entered by
         the Court on this date;
    c.   A mediator (name, address and phone number);
    d.   Deadline by which to complete mediation; and
    e.   Length of trial.



CALENDARED
4/2/04 42+

**Upon stipulation to the above, within 14 days from receipt of this notice, Plaintiff's counsel is requested to provide the Court via facsimile (903) 590-1190 a letter agreement containing this information. The Court will then issue a Docket Control Order and a Mediation Order.**

### Proposed Dates for Docket Control Order

The proposed dates for docket control order set forth in the attached Appendix A will be discussed at the Scheduling Conference.

### DISCOVERY ORDER

At the Scheduling Conference, the parties may make requests and/or suggestions to the court regarding discovery. In the interim, after a review of the pleaded claims and defenses in this action and in furtherance of the management of the court's docket under Fed. R. Civ. P. 16, the court enters the following discovery **ORDER**:

1.  **Disclosures.** Within thirty (30) days after the Scheduling Conference or the date the Docket Control Order is issued by the Court, without awaiting a discovery request, each party shall disclose to every other party the following information:

    (a)  the correct names of the parties to the lawsuit;
    (b)  the name, address, and telephone number of any potential parties;
    (c)  the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);
    (d)  the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by such person;
    (e)  any indemnity and insuring agreements under which any person or entity may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;
    (f)  any settlement agreements relevant to the subject matter of this action;
    (g)  any statement of any party to the litigation;

2.  **Additional Disclosures.** Each party shall provide to every other party the following information:

    (a)  the disclosures required by the court's Patent Rules in accordance with the deadlines set forth in said rules;
    (b)  to the extent that any party pleads a claim for relief or defensive matter other than those addressed in the Patent Rules, within forty-five (45) days after the Scheduling Conference or the date the Docket Control Order is issued by the Court, and without awaiting a discovery request, a copy of all documents, data compilations and tangible things in the possession, custody, or control of the party that are relevant to those additionally pleaded claims or defenses involved in this action. By written agreement of all parties, alternative forms of disclosure may be provided in lieu of paper copies. For example, the parties may agree to exchange images of documents electronically or by means of computer disk; or the parties may agree to review and copy disclosure materials at the offices of the attorneys representing the parties instead of requiring each side to furnish paper copies of the disclosure materials; and

2

(c)     a complete computation of any category of damages claimed by any party to the action, making available for inspection and copying (See Local Rule CV-34), the documents or other evidentiary materials on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and those documents and authorizations described in Local Rule CV-34.

3.     **Testifying Experts**.  By the date set in the Docket Control Order, each party shall disclose to the other party or parties:

      1.     the expert's name, address, and telephone number;

      2.     the subject matter on which the expert will testify;

      3.     the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the disclosing party, documents reflecting such information;

      4.     if the expert is retained by, employed by, or otherwise subject to the control of the disclosing party;

          a.     all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

          b.     the expert's current resume and bibliography.

4.     **Discovery Limitations**.  Discovery is limited in this cause to the disclosures described in Paragraphs 1 - 3 together with 60 interrogatories, 60 requests for admissions, the depositions of the parties, depositions on written questions of custodians of business records for third parties, depositions of two expert witnesses per side.  "Side" means a party or a group of parties with a common interest.

5.     **Privileged Information**.  There is no duty to disclose privileged documents or information.  However, the parties are directed to meet and confer concerning privileged documents or information after the Scheduling Conference. Within thirty (30) days after the Scheduling Conference, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, with enable the other parties to assess the applicability of the privilege or protection. A party may move the court for an order compelling the production of any privileged documents or information identified on any other party's privilege log.  If such a motion is made, the party asserting privilege shall file with the Court within thirty (30) days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection.  If the parties have no disputes concerning privileged documents or information, then the parties shall inform the court of that fact within sixty (60) days after the Scheduling Conference.

6.     **Pre-trial Disclosures**.  At least thirty (30) days before trial, each party shall provide to every other party the following disclosures regarding the evidence that the disclosing party intends to present at trial:

      (a)     The n ame a nd, i f n ot p reviously p rovided, t he a ddress a nd t elephone n umber, o f e ach w itness, separately identifying those whom the party expects to present at trial and those whom the party may call if the need arises.

      (b)     The designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.

3

(c)     An appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

Within 14 days after such pretrial disclosures, a party may serve and file a list disclosing (1) any objections to the use under Rule 32(a) of a deposition designated by another party under subparagraph (b) above; and (2) any objections, together with the grounds therefor, that may be made to the admissibility of materials identified under subparagraph (c), above. Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the court for good cause shown.

7.     **Signature.** The disclosures required by this order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made.

8.     **Exchange of Disclosures.** If feasible, counsel shall meet to exchange disclosures required by this order; otherwise, such disclosures shall be served as provided by Fed. R. Civ. P. 5.

9.     **Notification of the Court.** The parties shall promptly file a notice with the court that the disclosures required under this order have taken place.

10.     **Duty to Supplement.** After disclosure is made pursuant to this order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

11.     **Protective Orders.** A copy of the court's standard protective order is available on the court's website at www.txed.uscourts.gov entitled "Judge Davis Standard Protective Order". A party may request that the court issue the Protective Order. However, a party may propose the issuance of or move to modify the terms of the Protective Order for good cause.

12.     The court rules of practice for patent cases are on the court's website at www.txed.uscourts.gov.

13.     **Discovery Disputes.** Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(f). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(f).

14.     **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue. Parties asserting the defense of qualified immunity may submit a motion to limit disclosure to those materials necessary to decide the issue of qualified immunity.

So **ORDERED** and **SIGNED** this _____ day of April, 2004.

**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**

4

**APPENDIX A**

**PROPOSED DEADLINES FOR DOCKET CONTROL ORDER**

**PROPOSED DEADLINES TO BE DISCUSSED**
**AT THE SCHEDULING CONFERENCE**

| | |
|---|---|
| **August 15, 2005** | **9:00 a.m. Jury selection with trial to follow as reached at the United States District Court, 211 West Ferguson, 3rd Floor, Courtroom of Judge Leonard Davis, Tyler, Texas.** |
| **August 1, 2005** | **Pretrial Conference - 10:00 a.m. at the United States District Court, 211 West Ferguson, 3rd Floor, Courtroom of Judge Leonard Davis, Tyler, Texas.** |
| **July 28, 2005** | **Motions in Limine (due three days before final Pre-Trial Conference).** Three (3) days prior to the pre-trial conference provided for herein, the parties shall furnish a copy of their respective Motions in Limine to the Court by facsimile transmission, 903/590-1190. The parties are directed to confer and advise the Court on or before 3:00 o'clock p.m. the day before the pre-trial conference which paragraphs are agreed to and those that need to be addressed at the pre-trial conference. |
| **July 25, 2005** | Pretrial Objections due |
| **July 11, 2005** | **Video Deposition Designation** due. Each party who proposes to offer a deposition by video shall file a disclosure identifying the line and page numbers to be offered. All other parties will have ten days to file a response requesting cross examination line and page numbers to be included. Any objections to testimony must be filed ten days prior to the Pretrial Conference. The party who filed the initial Video Deposition Designation is responsible for preparation of a final edited video in accordance with all parties designations and the court's rulings on objections. <br> **Pretrial Disclosures due** |
| **June 20, 2005** | Joint Pretrial Order, Joint Proposed Jury Instructions, and Form of the Verdict for jury trials. Proposed Findings of Fact and Conclusions of Law for bench trials. Response to Dispositive Motions (including *Daubert* motions) **Responses to dispositive motions filed prior to the dispositive motion deadline, including *Daubert* Motions, shall be due in accordance with Local Rule CV-7(e). Motions for Summary Judgment shall comply with Local Rule CV56.** |
| **June 6, 2005** | Parties to Identify Rebuttal Trial Witnesses; Dispositive Motions from all parties and any other motions that may require a hearing (including *Daubert* motions); Answer to Amended Pleadings (after Markman Hearing) due |
| **May 23, 2005** | Parties to Identify Trial Witnesses; Amend Pleadings (after Markman Hearing). **(It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings. It is necessary to file a Motion for Leave to Amend after the deadline.)** |

| May 9, 2005 | Discovery Deadline |
|---|---|
| **April 6, 2005** | Parties May Designate  Rebuttal Expert Witnesses (non-construction issues); Rebuttal Expert witness reports due; Refer to Local Rules for required information |
| **March 28, 2005** | All Parties Designate Expert Witnesses (non-construction issues); Expert witness reports due; Refer to Local Rules for required information. |
| **January 11, 2005** | Comply with P.R.3-8 |
| **January 6, 2005** | **Markman Hearing at 9:30 a.m. at the United States District Courthouse, 211 West Ferguson, 3rd Floor, Judge Davis's Courtroom, Tyler, Texas** |
| **December 7, 2004** | Comply with P.R. 4-5(c) |
| **November 30, 2004** | Comply with P.R. 4-5(b) |
| **November 16, 2004** | Comply with P.R. 4-5(a) |
| **November 2, 2004** | Discovery Deadline - Claims Construction Issues |
| **October 19, 2004** | Respond to Amended Pleadings |
| **October 6, 2004** | Amend Pleadings |
| **October 4, 2004** | Comply with P.R. 4-3 |
| **September 2, 2004** | Comply with P.R. 4-2; Join Additional Parties; Privilege Logs to be exchanged by parties (or a letter to the Court stating that there are no disputes as to claims of privileged documents) |
| **July 13, 2004** | Comply with P.R. 4-1 |
| **July 5, 2004** | Comply with P.R. 3-3 |
| **June 3, 2004** | Comply with P.R. 3-1 |
| ***To be discussed*** | ***Mediation.*** *The Court refers most cases to mediation. The parties should discuss proposed mediators and timing of mediation prior to the Scheduling Conference and be prepared with a recommendation for the Court.* |
| _____ | Mediation to be completed._____ is appointed as mediator in this cause. The mediator shall be deemed to have agreed to the terms of Court Ordered Mediation Plan of the United States District Court of the Eastern District of Texas by going forth with the mediation in accordance with this order. General Order 99-2. |
| **To be discussed** | **EXPECTED LENGTH OF TRIAL _____ DAYS** |

The parties are directed to Local Rule CV-7(d), which provides in part that "[i]n the event a party fails to oppose a motion in the manner prescribed herein the court will assume that the party has no opposition." Local Rule CV-7(e) provides that a party opposing a motion has **15 days** in which to serve and file supporting documents and briefs after which the court will consider the submitted motion for decision.

## OTHER LIMITATIONS

(a)     All depositions to be read into evidence as part of the parties' case-in-chief shall be **EDITED** so as to exclude all unnecessary, repetitious, and irrelevant testimony; **ONLY** those portions which are relevant to the issues in controversy shall be read into evidence.

(b)     The Court will refuse to entertain any motion to compel discovery filed after the date of this Order unless the movant advises the Court within the body of the motion that counsel for the parties have first conferred in a good faith attempt to resolve the matter. See Eastern District of Texas Local Rule CV-7(h).

(c)     The following excuses will not warrant a continuance nor justify a failure to comply with the discovery deadline:

       (i)     The fact that there are motions for summary judgment or motions to dismiss pending;

      (ii)     The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;

     (iii)     The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

## *NOTICE: The Court has amended Rule 4-5 effective March 17, 2004.*

### APPENDIX C

### PATENT RULES

### 1. SCOPE OF RULES

**1-1. Title.**

These are the Rules of Practice for Patent Cases before the Honorable Leonard Davis, United States District Court for the Eastern District of Texas. They should be cited as "P. R. ___."

**1-2. Scope and Construction.**

These rules apply to all civil actions filed in or transferred to this Court which allege infringement of a utility patent in a complaint, counterclaim, cross-claim or third party claim, or which seek a declaratory judgment that a utility patent is not infringed, is invalid or is unenforceable. The Court may accelerate, extend, eliminate, or modify the obligations or deadlines set forth in these Patent Rules based on the circumstances of any particular case, including, without limitation, the complexity of the case or the number of patents, claims, products, or parties involved. If any motion filed prior to the Claim Construction Hearing provided for in P. R. 4-6 raises claim construction issues, the Court may, for good cause shown, defer the motion until after completion of the disclosures, filings, or ruling following the Claim Construction Hearing. The Civil Local Rules of this Court shall also apply to these actions, except to the extent that they are inconsistent with these Patent Rules. The deadlines set forth in these rules may be modified by Docket Control Order issued in specific cases.

**1-3. Effective Date.**

These Patent Rules shall take effect on May 31, 2001 and shall apply to any case filed thereafter and to any pending case in which more than 9 days remain before the Initial Disclosure of Asserted Claims required by former W- 16-7 must be made. The parties to any other pending civil action shall meet and confer promptly after May 31, 2001, for the purpose of determining whether any provision in these Patent Rules should be made applicable to that case. No later than 7 days after the parties meet and confer, the parties shall file a stipulation setting forth a proposed order that relates to the application of these Patent Rules. Unless and until an order is entered applying these Patent Local Rules to any pending case, the Rules previously applicable to pending patent cases shall govern.

### 2. GENERAL PROVISIONS

**2-1. Governing Procedure.**

**(a) Initial Case Management Conference.** When the parties confer with each other pursuant to FRCivP 26(f), in addition to the matters covered by FRCivP 26, the parties must discuss and address in the Case Management Statement filed pursuant to FRCivP 26(f), the following topics:

> **(1)** Proposed modification of the deadlines provided for in the Patent Rules, and the effect of any such modification on the date and time of the Claim Construction Hearing, if any;

> **(2)** Whether the Court will hear live testimony at the Claim Construction Hearing;

> **(3)** The need for and any specific limits on discovery relating to claim construction, including depositions of witnesses, including expert witnesses;

**(4)** The order of presentation at the Claim Construction Hearing; and

**(5)** The scheduling of a Claim Construction Prehearing Conference to be held after the Joint Claim Construction and Prehearing Statement provided for in P. R. 4-3 has been filed.

**(b) Further Case Management Conferences.** To the extent that some or all of the matters provided for in P. R. 2-1 (a)(1)-(5) are not resolved or decided at the Initial Case Management Conference, the parties shall propose dates for further Case Management Conferences at which such matters shall be decided.

### 2-2. Confidentiality.

If any document or information produced under these Patent Local Rules is deemed confidential by the producing party and if the Court has not entered a protective order, until a protective order is issued by the Court, the document shall be marked "confidential" or with some other confidential designation (such as "Confidential – Outside Attorneys Eyes Only") by the disclosing party and disclosure of the confidential document or information shall be limited to each party's outside attorney(s) of record and the employees of such outside attorney(s).

If a party is not represented by an outside attorney, disclosure of the confidential document or information shall be limited to one designated "in house" attorney, whose identity and job functions shall be disclosed to the producing party 5 court days prior to any such disclosure, in order to permit any motion for protective order or other relief regarding such disclosure. The person(s) to whom disclosure of a confidential document or information is made under this local rule shall keep it confidential and use it only for purposes of litigating the case.

### 2-3. Certification of Initial Disclosures.

All statements, disclosures, or charts filed or served in accordance with these Patent Rules must be dated and signed by counsel of record. Counsel's signature shall constitute a certification that to the best of his or her knowledge, information, and belief, formed after an inquiry that is reasonable under the circumstances, the information contained in the statement, disclosure, or chart is complete and correct at the time it is made.

### 2-4. Admissibility of Disclosures.

Statements, disclosures, or charts governed by these Patent Rules are admissible to the extent permitted by the Federal Rules of Evidence or Procedure. However, the statements or disclosures provided for in P. R. 4-1 and 4-2 are not admissible for any purpose other than in connection with motions seeking an extension or modification of the time periods within which actions contemplated by these Patent Rules must be taken.

### 2-5. Relationship to Federal Rules of Civil Procedure.

Except as provided in this paragraph or as otherwise ordered, it shall not be a legitimate ground for objecting to an opposing party's discovery request (e.g., interrogatory, document request, request for admission, deposition question) or declining to provide information otherwise required to be disclosed pursuant to FRCivP 26(a)(1) that the discovery request or disclosure requirement is premature in light of, or otherwise conflicts with, these Patent Rules. A party may object, however, to responding to the following categories of discovery requests (or decline to provide information in its initial disclosures under FRCivP 26(a)(1)) on the ground that they are premature in light of the timetable provided in the Patent Rules:

**(a)** Requests seeking to elicit a party's claim construction position;

**(b)** Requests seeking to elicit from the patent claimant a comparison of the asserted claims and the accused apparatus, product, device, process, method, act, or other instrumentality;

**(c)** Requests seeking to elicit from an accused infringer a comparison of the asserted claims and the prior art; and

**(d)** Requests seeking to elicit from an accused infringer the identification of any opinions of counsel, and related documents, that it intends to rely upon as a defense to an allegation of willful infringement.

Where a party properly objects to a discovery request (or declines to provide information in its initial disclosures under FRCivP 26(a)(1)) as set forth above, that party shall provide the requested information on the date on which it is required to provide the requested information to an opposing party under these Patent Rules, unless there exists another legitimate ground for objection.

## 3. PATENT INITIAL DISCLOSURES

### 3-1. Disclosure of Asserted Claims and Preliminary Infringement Contentions.

Not later than 10 days after the Initial Case Management Conference, a party claiming patent infringement must serve on all parties a "Disclosure of Asserted Claims and Preliminary Infringement Contentions." Separately for each opposing party, the "Disclosure of Asserted Claims and Preliminary Infringement Contentions" shall contain the following information:

**(a)** Each claim of each patent in suit that is allegedly infringed by each opposing party;

**(b)** Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible. Each product, device, and apparatus must be identified by name or model number, if known. Each method or process must be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

**(c)** A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;

**(d)** Whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality;

**(e)** For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled; and

**(f)** If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party must identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim.

### 3-2. Document Production Accompanying Disclosure.

With the "Disclosure of Asserted Claims and Preliminary Infringement Contentions," the party claiming patent infringement must produce to each opposing party or make available for inspection and copying:

**(a)** Documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, the claimed invention prior to the date of application for the patent in suit. A party's production of a document as required herein shall not constitute an admission that such document evidences or is prior art under 35 U.S.C. § 102;

10

(b) All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date identified pursuant to P. R. 3-1(e), whichever is earlier; and

(c) A copy of the file history for each patent in suit.

The producing party shall separately identify by production number which documents correspond to each category.

### 3-3. Preliminary Invalidity Contentions.

Not later than 45 days after service upon it of the "Disclosure of Asserted Claims and Preliminary Infringement Contentions," each party opposing a claim of patent infringement, shall serve on all parties its "Preliminary Invalidity Contentions" which must contain the following information:

(a) The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication must be identified by its title, date of publication, and where feasible, author and publisher. Prior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. Prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. Prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

(b) Whether each item of prior art anticipates each asserted claim or renders it obvious. If a combination of items of prior art makes a claim obvious, each such combination, and the motivation to combine such items, must be identified;

(c) A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and

(d) Any grounds of invalidity based on indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims.

### 3-4. Document Production Accompanying Preliminary Invalidity Contentions.

With the "Preliminary Invalidity Contentions," the party opposing a claim of patent infringement must produce or make available for inspection and copying:

(a) Source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its P. R. 3-1(c) chart; and

(b) A copy of each item of prior art identified pursuant to P. R. 3-3(a) which does not appear in the file history of the patent(s) at issue. To the extent any such item is not in English, an English translation of the portion(s) relied upon must be produced.

11

**3-5. Disclosure Requirement in Patent Cases for Declaratory Judgment.**

      **(a) Invalidity Contentions If No Claim of Infringement.** In all cases in which a party files a complaint or other pleading seeking a declaratory judgment that a patent is not infringed, is invalid, or is unenforceable, P. R. 3-1 and 3-2 shall not apply unless and until a claim for patent infringement is made by a party. If the defendant does not assert a claim for patent infringement in its answer to the complaint, no later than 10 days after the defendant serves its answer, or 10 days after the Initial Case Management Conference, whichever is later, the party seeking a declaratory judgment must serve upon each opposing party its Preliminary Invalidity Contentions that conform to P. R. 3-3 and produce or make available for inspection and copying the documents described in P. R. 3-4. The parties shall meet and confer within 10 days of the service of the Preliminary Invalidity Contentions for the purpose of determining the date on which the plaintiff will file its Final Invalidity Contentions which shall be no later than 50 days after service by the Court of its Claim Construction Ruling.

      **(b) Applications of Rules When No Specified Triggering Event.** If the filings or actions in a case do not trigger the application of these Patent Rules under the terms set forth herein, the parties shall, as soon as such circumstances become known, meet and confer for the purpose of agreeing on the application of these Patent Rules to the case.

      **(c) Inapplicability of Rule.** This P. R. 3-5 shall not apply to cases in which a request for a declaratory judgment that a patent is not infringed, is invalid, or is unenforceable is filed in response to a complaint for infringement of the same patent.

**3-6. Final Contentions.**

      Each party's "Preliminary Infringement Contentions" and "Preliminary Invalidity Contentions" shall be deemed to be that party's final contentions, except as set forth below.

      **(a)** If a party claiming patent infringement believes in good faith that (1) the Court's Claim Construction Ruling or (2) the documents produced pursuant to P. R. 3-4 so requires, not later than 30 days after service by the Court of its Claim Construction Ruling, that party may serve "Final Infringement Contentions" without leave of court that amend its "Preliminary Infringement Contentions" with respect to the information required by Patent R. 3-1(c) and (d).

      **(b)** Not later than 50 days after service by the Court of its Claim Construction Ruling, each party opposing a claim of patent infringement may serve "Final Invalidity Contentions" without leave of court that amend its "Preliminary Invalidity Contentions" with respect to the information required by P. R. 3-3 if:

            **(1)** a party claiming patent infringement has served "Final Infringement Contentions" pursuant to P. R. 3-6(a), or

            **(2)** the party opposing a claim of patent infringement believes in good faith that the Court's Claim Construction Ruling so requires.

**3-7. Amendment to Contentions.**

      Amendment or modification of the Preliminary or Final Infringement Contentions or the Preliminary or Final Invalidity Contentions, other than as expressly permitted in P. R. 3-6, may be made only by order of the Court, which shall be entered only upon a showing of good cause.

**3-8. Willfulness.**

      By the date set forth in the Docket Control Order, each party opposing a claim of patent infringement that will rely on an opinion of counsel as part of a defense to a claim of willful infringement shall:

12

(a) Produce or make available for inspection and copying the opinion(s) and any other documents relating to the opinion(s) as to which that party agrees the attorney-client or work product protection has been waived; and

(b) Serve a privilege log identifying any other documents, except those authored by counsel acting solely as trial counsel, relating to the subject matter of the opinion(s) which the party is withholding on the grounds of attorney-client privilege or work product protection.

A party opposing a claim of patent infringement who does not comply with the requirements of this P. R. 3-8 shall not be permitted to rely on an opinion of counsel as part of a defense to willful infringement absent a stipulation of all parties or by order of the Court, which shall be entered only upon a showing of good cause.

## 4. CLAIM CONSTRUCTION PROCEEDINGS

**4-1. Exchange of Proposed Terms and Claim Elements for Construction.**

(a) Not later than 10 days after service of the "Preliminary Invalidity Contentions" pursuant to P. R. 3-3, each party shall simultaneously exchange a list of claim terms, phrases, or clauses which that party contends should be construed by the Court, and identify any claim element which that party contends should be governed by 35 U.S.C. § 112(6).

(b) The parties shall thereafter meet and confer for the purposes of finalizing this list, narrowing or resolving differences, and facilitating the ultimate preparation of a Joint Claim Construction and Prehearing Statement.

**4-2. Exchange of Preliminary Claim Constructions and Extrinsic Evidence.**

(a) Not later than 20 days after the exchange of "Proposed Terms and Claim Elements for Construction" pursuant to P. R. 4-1, the parties shall simultaneously exchange a preliminary proposed construction of each claim term, phrase, or clause which the parties collectively have identified for claim construction purposes. Each such "Preliminary Claim Construction" shall also, for each element which any party contends is governed by 35 U.S.C. § 112(6), identify the structure(s), act(s), or material(s) corresponding to that element.

(b) At the same time the parties exchange their respective "Preliminary Claim Constructions," they shall each also provide a preliminary identification of extrinsic evidence, including without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses they contend support their respective claim constructions. The parties shall identify each such item of extrinsic evidence by production number or produce a copy of any such item not previously produced. With respect to any such witness, percipient or expert, the parties shall also provide a brief description of the substance of that witness' proposed testimony.

(c) The parties shall thereafter meet and confer for the purposes of narrowing the issues and finalizing preparation of a Joint Claim Construction and Prehearing Statement.

**4-3. Joint Claim Construction and Prehearing Statement.**

Not later than 60 days after service of the "Preliminary Invalidity Contentions," the parties shall complete and file a Joint Claim Construction and Prehearing Statement, which shall contain the following information:

(a) The construction of those claim terms, phrases, or clauses on which the parties agree;

(b) Each party's proposed construction of each disputed claim term, phrase, or clause, together with an identification of all references from the specification or prosecution history that support that construction, and an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction of the claim or to oppose any other party's proposed construction of the claim, including, but not

13

limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses;

(c) The anticipated length of time necessary for the Claim Construction Hearing;

(d) Whether any party proposes to call one or more witnesses, including experts, at the Claim Construction Hearing, the identity of each such witness, and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert; and

(e) A list of any other issues which might appropriately be taken up at a prehearing conference prior to the Claim Construction Hearing, and proposed dates, if not previously set, for any such prehearing conference.

**4-4. Completion of Claim Construction Discovery.**

Not later than 30 days after service and filing of the Joint Claim Construction and Prehearing Statement, the parties shall complete all discovery relating to claim construction, including any depositions with respect to claim construction of any witnesses, including experts, identified in the Joint Claim Construction and Prehearing Statement.

**4-5. Claim Construction Briefs.**

(a) Not later than 45 days after serving and filing the Joint Claim Construction and Prehearing Statement, the party claiming patent infringement shall serve and file an opening brief and any evidence supporting its claim construction.

(b) Not later than 14 days after service upon it of an opening brief, each opposing party shall serve and file its responsive brief and supporting evidence.

(c) Not later than 7 days after service upon it of a responsive brief, the party claiming patent infringement shall serve and file any reply brief and any evidence directly rebutting the supporting evidence contained in an opposing party's response.

(d) At least 10 days before the Claim Construction Hearing held pursuant to P.R. 4-6, the parties shall jointly submit a claim construction chart on computer disk in WordPerfect format or in such other format as the Court may direct.
> (1) Said chart shall have a column listing complete language of disputed claims with disputed terms in bold type and separate columns for each party's proposed construction of each disputed term. The chart shall also include a fourth column entitled "Court's Construction" and otherwise left blank. Additionally, the chart shall also direct the Court's attention to the patent and claim number(s) where the disputed term(s) appear(s).
> (2) The parties may also include constructions for claim terms to which they have agreed. If the parties choose to include agreed constructions, each party's proposed construction columns shall state "**[AGREED]**" and the agreed construction shall be inserted in the "Court's Construction" column.
> (3) The purpose of this claim construction chart is to assist the Court and the parties in tracking and resolving disputed terms. Accordingly, aside from the requirements set forth in this rule, the parties are afforded substantial latitude in the chart's format so that they may fashion a chart that most clearly and efficiently outlines the disputed terms and proposed constructions. Appendices to the Court's prior published and unpublished claim construction opinions may provide helpful guidelines for parties fashioning claim construction charts.

**4-6. Claim Construction Hearing.**

Subject to the convenience of the Court's calendar, two weeks following submission of the reply brief specified in P.R. 4-5(c), the Court shall conduct a Claim Construction Hearing, to the extent the parties or the Court believe a hearing is necessary for construction of the claims at issue.

14