IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| SOVERAIN SOFTWARE LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 6:04cv14 |
| v. ) | |
| ) | Hon. Leonard E. Davis |
| (1) AMAZON.COM, INC. ) | |
| (2) THE GAP, INC., ) | JURY TRIAL DEMANDED |
| ) | |
| Defendants. | |

**AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Soverain Software LLC, for its Amended Complaint against Defendants Amazon.com, Inc., and The Gap, Inc. (collectively "Defendants"), alleges as follows.

INTRODUCTION

1.   This is an action arising under 35 U.S.C. § 271 for Defendants' infringement of one or more of Soverain Software LLC's United States Patent Nos. 5,708,780, 5,715,314, 5,909,492, 6,195,649 and 6,205,437 (collectively, the "Patents in Suit").

THE PARTIES

2.   Plaintiff Soverain Software LLC ("Soverain") is a Delaware limited liability company with its principal place of business at 120 South Riverside Plaza, Suite 430, Chicago, IL 60606.

3.   Defendant Amazon.com, Inc. ("Amazon") is a Delaware corporation with its principal place of business at 1200 12th Avenue, Suite 1200, Seattle, Washington 98144. Amazon.com does business principally through the website www.amazon.com. Defendant Amazon.com, Inc. may be served by serving the Secretary of State of the State of Texas pursuant to the Texas Long Arm Statute, Texas Civil Practice & Remedies Code §§ 17.044 and asking the

Secretary of State to serve Amazon.com, Inc. at its principal place of business at 1200 12th Avenue, Suite 1200, Seattle, WA 98144 via Certified Mail - Return Receipt Requested.

4. Defendant The Gap, Inc. ("Gap") is a Delaware corporation with its principal place of business at Two Folsom Street, San Francisco, CA 94105. Defendant Gap does business principally through retail stores including those known as The Gap and through websites, including www.gap.com. Defendant The Gap, Inc. may be served by serving its registered agent for service, Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, TX 78701.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court over the subject matter of this action is proper under 28 U.S.C. § 1338.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

7. Personal jurisdiction exists over Defendants because they do business in Texas and infringing acts have occurred here.

## PATENTS IN SUIT

8. Plaintiff Soverain is the owner of all right, title and interest in United States Patent No. 5,708,780 entitled "Internet Server Access Control And Monitoring Systems" ("the '780 patent"). The '780 patent was duly and properly issued by the United States Patent and Trademark Office on January 13, 1998. The '780 patent was assigned to Plaintiff Soverain. A copy of the '780 patent is attached hereto as Exhibit A.

9. Plaintiff Soverain is the owner of all right, title and interest in United States Patent No. 5,715,314 entitled "Network Sales System" ("the '314 patent"). The '314 patent was

duly and properly issued by the United States Patent and Trademark Office on February 3, 1998. The '314 patent was assigned to Plaintiff Soverain. A copy of the '314 patent is attached hereto as Exhibit B.

10. Plaintiff Soverain is the owner of all right, title and interest in United States Patent No. 5,909,492 entitled "Network Sales System" ("the '492 patent"). The '492 patent was duly and properly issued by the United States Patent and Trademark Office on June 1, 1999. The '492 patent was assigned to Plaintiff Soverain. A copy of the '492 patent is attached hereto as Exhibit C.

11. Plaintiff Soverain is the owner of all right, title and interest in United States Patent No. 6,195,649 entitled "Digital Active Advertising" ("the '649 patent"). The '649 patent was duly and properly issued by the United States Patent and Trademark Office on February 27, 2001. The '649 patent was assigned to Plaintiff Soverain. A copy of the '649 patent is attached hereto as Exhibit D.

12. Plaintiff Soverain is the owner of all right, title and interest in United States Patent No. 6,205,437 entitled "Open Network Payment System For Providing For Real-Time Authorization of Payment and Purchase Transactions" ("the '437 patent"). The '437 patent was duly and properly issued by the United States Patent and Trademark Office on March 20, 2001. The '437 patent was assigned to Plaintiff Soverain. A copy of the '437 patent is attached hereto as Exhibit E.

13. Plaintiff Soverain has marked its products with the numbers of one or more of the Patents in Suit.

## INFRINGEMENT OF THE PATENTS IN SUIT BY AMAZON

14. In violation of 35 U.S.C. § 271, Defendant Amazon has infringed and continues to infringe the '780, '314, '492, '649 and '437 patents by: (a) making, using, offering for sale or

selling within the United States, or by importing into the United States, products or processes that practice inventions claimed in those patents; (b) inducing others to make, use, offer for sale or sell within the United States, or import into the United States, products or processes that practice inventions claimed in those patents; or (c) contributing to the making, using, offering for sale or selling within the United States, or importing into the United States, products or processes that practice inventions claimed in those patents.

15. On information and belief, Defendant Amazon has had notice of the '780, '314 and '492 patents at least as early as the filing of the original Complaint in this action and of the '649 and '437 patents as early as the filing of this Amended Complaint.

16. On information and belief, the continued infringement by Defendant Amazon of the '780, '314, '492, '649 and '437 patents is deliberate and willful.

17. Plaintiff Soverain has been damaged by the infringement of its patents by Defendant Amazon and will continue to be damaged by such infringement.

18. Plaintiff Soverain has suffered and continues to suffer irreparable harm and will continue to do so unless Defendant Amazon is enjoined therefrom by this Court.

### INFRINGEMENT OF THE PATENTS IN SUIT BY GAP

19. In violation of 35 U.S.C. § 271, Defendant Gap has infringed and continues to infringe the '314, '492 and '649 patents by: (a) making, using, offering for sale or selling within the United States, or by importing into the United States, products or processes that practice inventions claimed in those patents; (b) inducing others to make, use, offer for sale or sell within the United States, or import into the United States, products or processes that practice inventions claimed in those patents; or (c) contributing to the making, using, offering for sale or selling within the United States, or importing into the United States, products or processes that practice inventions claimed in those patents.

20. On information and belief, Defendant Gap has had notice of the '314 and '492 patents at least as early as the filing of the original Complaint in this action and of the '649 patent as early as the filing of this Amended Complaint.

21. On information and belief, the continued infringement by Defendant Gap of the '314, '492 and '649 patents is deliberate and willful.

22. Plaintiff Soverain has been damaged by the infringement of its patents by Defendant Gap and will continue to be damaged by such infringement.

23. Plaintiff Soverain has suffered and continues to suffer irreparable harm and will continue to do so unless Defendant Gap is enjoined therefrom by this Court.

## RELIEF REQUEST

Wherefore, Plaintiff Soverain respectfully requests that this Court enter judgment against Defendants Amazon and Gap as follows:

A. That each of the Patents in Suit is valid and enforceable;

B. That each of the '780, '314, '492, '649 and '437 patents has been infringed by Defendant Amazon.

C. That each of the '314, '492 and '649 patents has been infringed by Defendant Gap.

D. That infringement of the Patents in Suit by Defendants Amazon and Gap has been willful;

E. An injunction against further infringement of the Patents in Suit by Defendants;

F. An award of damages adequate to compensate Plaintiff Soverain for the patent infringement that has occurred, together with pre-judgment interest and costs;

G. An award of all other damages permitted by 35 U.S.C. § 284, including increased damages up to three times the amount of compensatory damages found;

H.  That this is an exceptional case and an award to Plaintiff Soverain of its costs and reasonable attorneys' fees incurred in this action as provided by 35 U.S.C. § 285; and

I.  Such other relief as this Court deems just and proper.

/s/ Thomas Giannetti (w/ permission)
Kenneth R. Adamo
Attorney In Charge
State Bar No. 00846960
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201-1515
Telephone: 214-220-3939
Facsimile: 214-969-5100
Email: kradamo@jonesday.com

Thomas L. Giannetti
Ognjan V. Shentov
JONES DAY
222 East 41st Street
New York, New York  10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
E-mail: tlgiannetti@jonesday.com

Carl R. Roth
Michael Smith
State Bar No. 17312000
THE ROTH LAW FIRM, P.C.
115 N. Wellington, Suite 200
P.O. Box 876
Marshall, Texas 75761-1249
Telephone: 903-935-1665
Facsimile: 903-935-1797
Email: cr@rothfirm.com

October 6, 2004

ATTORNEYS FOR SOVERAIN SOFTWARE LLC