IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| SOVERAIN SOFTWARE LLC, | § § | Hon. Leonard E. Davis |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 6-04CV14 |
| AMAZON.COM, INC., and THE GAP, INC., | § § § | JURY TRIAL DEMANDED |
| Defendants. | § § | |

### DEFENDANTS' JOINT MOTION TO ENFORCE COMPLIANCE WITH P.R. 3-7 BY STRIKING AMENDED COMPLAINT

Defendants Amazon.com, Inc. ("Amazon.com") and Gap, Inc. ("Gap") (collectively "Defendants") move to strike Plaintiff Soverain Software LLC's ("Soverain") Amended Complaint filed on October 6, 2004. Soverain seeks to supplement its complaint by adding two new patents (containing 48 additional claims) that are very different from the three patents-in-suit. Soverain thus seeks to drastically expand the scope, complexity and length of this lawsuit, the necessary discovery, and trial. Litigating these additional patents along with the originally asserted patents requires setting aside the current scheduling order, repeating the claim construction disclosure process recently completed for the current patents-in-suit, delaying the *Markman* hearing, resetting the trial, and adding to the ten trial days already set aside for this case. This should not be permitted.

Soverain waited 10 months after filing suit (and at least three months after receiving documents concerning the Defendants' accused systems) to assert patents that

issued three years ago. Soverain's attempt to add additional patents to this case comes after many key deadlines have passed. Accordingly, Defendants ask this Court to enforce its scheduling order and Patent Rules by striking Soverain's Amended Complaint.

## Background

Soverain filed this case in January 2004, asserting the three original patents. The Court's scheduling order, adopting Soverain's proposed deadlines, required:

1. Soverain to identify all patent claims being asserted and its infringement contentions by June 3 – over four months ago;

2. Defendants to disclose their invalidity contentions regarding those asserted claims by July 5 – over three months ago;

3. All parties to identify their claim construction contentions regarding the asserted claims by July 13 – over three months ago; and

4. All parties to file joint claim construction and prehearing statements by October 4 – two days before Soverain filed its "amended" complaint.

The parties have performed under the current schedule. Soverain identified the universe of asserted claims over four months ago; Defendants responded, disclosing their invalidity contentions, and all parties have filed their joint claim construction and prehearing statements regarding those patents. The joint claim construction and *Markman* prehearing statements have been filed, with the *Markman* hearing currently set for January 6, 2005. A ten day trial is set for August, 2005.

Now, in violation of this Court's carefully-staged deadlines for disclosures and briefing, Soverain seeks to add additional, untimely patents and claims. The Amended Complaint seeks to add United States Patent No. 6,195,649 ("the '649 patent") and Patent No. 6,205, 437 ("the '437 patent," and together with the '649 patent, "the Gifford patents"). According to Soverain, these patents were issued over three years ago in

February and March 2001. *See* Amended Complaint, ¶¶ 11-12 (Dkt. #101). Permitting addition of these patents at this late date would derail the agreed discovery and trial schedule and render the Court's ordered deadlines meaningless.

### Argument and Authorities

Rule 16(b) of the Federal Rules of Civil Procedure provides that "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge." This Court's Patent Rules further provide that "[a]mendment or modification of the Preliminary or Final Infringement Contentions or the Preliminary or Final Invalidity Contentions, other than as expressly permitted in P.R. 3-6, may be made only by order of the Court, which shall be entered only upon a showing of good cause." P.R. 3-7 (emphasis added).

In order to assert particular claims from the additional patents, Soverain must seek to amend the scheduling order in this case and make the showing of good cause required by the rules. *See STMicroelectronics, Inc. v. Motorola, Inc.*, Memorandum Opinion and Order, CA No. 4:03-CV-276 (E.D. Tex. Mar. 10, 2004) (Davis, J.) (hereinafter "STM Order"), attached as Exhibit A hereto. The "good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S.W. Enters., L.L.C. v. Southtrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003).

The Court has broad power to control its docket and enforce its orders. *Edwards v. Cass County, Tex.*, 919 F.2d 273, 275 (5th Cir. 1990). And the Court has not hesitated

to enforce its scheduling orders and Patent Rules where – as here – the party seeking relief cannot show that, despite its diligence, the deadline could not be met. In *STMicroelectronics*, this Court considered STM's tardy attempt to amend its asserted patent claims and preliminary infringement contentions. Motorola, represented by the exact same counsel as Soverain in this suit, argued correctly that the "good cause" standard was not met because (1) the amendments were not made based on new information, (2) STM had not demonstrated due diligence, and (3) the amendments unfairly prejudiced Motorola. This Court agreed with Motorola and struck STM's amended assertion of patent claims and preliminary infringement contentions.

Like STM, Soverain cannot show good cause justifying its last-minute amendment. Such a drastic change in the posture of this case should not be made without requiring Soverain to demonstrate that it is in the interest of judicial economy to try all five patents together and that Plaintiff had good cause for waiting nearly 10 months after filing this case to assert patents that issued three years ago.

The parties are far into the Patent Rule process leading to *Markman* hearings. Allowing the "amended" complaint would require, at least as to the additional patents, a complete re-setting of all Patent Rule deadlines. Essentially, the schedule of this case would have to be wound back to where it was five months ago, before the Patent Rule 3-1 disclosure of asserted claims was due. As such, no economy will be gained by allowing the additional patents to be asserted in this suit. Allowing assertion of the additional patents and claims in this suit would add the following new witnesses and issues beyond those raised by the three prior asserted patents:

    1.    Different set of inventors;

2. Different patent family trees;

3. Different dates of application and issuance;

4. Different time periods of relevant prior art;

5. Different parties, knowledge, and conduct during patent prosecution;

6. Different parties, terms, and circumstances regarding sales/transfers;

7. Different parties, terms, and circumstances regarding licensing and licensing efforts; and

8. Different witnesses, documents, and other evidence regarding the above.

Although the "amended" complaint identifies no specific asserted claims (a fact that makes Soverain's late filing even more prejudicial than the late identification of specific claims in *STMicrolectronics*), the two additional patents present 48 new claims that require analysis. These claims would add significant complexity to the suit by introducing technological concepts not currently at issue, such as "real-time authorization" of payments via an "external financial authorization network" and countering "replay attacks that result in loss of value." *See, e.g.,* the '649 patent, claims 1, 3; the '427 patent, claim 1.

Moreover, allowing the additional patents would significantly delay a discovery process that has already been burdensome and difficult. The parties would be required to produce an entirely unique universe of documents relevant to the additional patents. Completely new interrogatories would need to be issued, as well as new subpoenas (subpoenas on third parties were served months ago as to the current patents-in-suit). No time remains under the current schedule to examine the claims in the additional patents and conduct discovery on any further claims Soverain plans to assert. The discovery

deadline for claim construction issues is only two weeks away (November 2). The *Markman* hearing is less than three months away (January 6).

Soverain cannot demonstrate that, despite its diligence, it was unable to assert the three-year old Gifford Patents prior to expiration of the claim construction-related deadlines. As the Court noted in *STMicroelectronics*, a plaintiff such as Soverain is "unquestionably the party in the best position to make the Initial disclosures because it is the party that chose when to bring suit." STM Order, at 9 n. 6. Soverain chose to bring this suit based on three patents and waited until after the parties were far down the Patent Rules' disclosure path and *Markman* process before adding two more patents it owned before bringing this lawsuit. Soverain has no legitimate purpose for waiting 10 months after filing suit to amend its complaint to add these two additional patents and cannot demonstrate due diligence.

Both the Federal Rules and the Court's Patent Rules are designed to further the interest of judicial economy and avoid unnecessary delay. By trying to add two new patents at this late stage, Soverain has violated those rules and cannot demonstrate good cause for doing so. Plaintiff could have filed a separate complaint to assert the two additional patents and thereby could have avoided the prejudice to the Court and to Defendants caused by adding two additional patents after the parties are already far into the Patent Rule process. By instead supplementing its complaint in this case (albeit in the guise of an "amended" complaint[2]), Soverain attempts to circumvent the rules and avoid

---

[2] Although titled "Amended Complaint for Patent Infringement," Soverain's filing is in fact clearly supplemental, because it pleads facts alleged to have occurred after the filing of the original Complaint. See, for example, paragraphs 15 and 20 of the Amended Complaint, alleging that Amazon.com and The Gap have had notice of the Gifford Patents "as early as the filing of this Amended Complaint."

the requirement to show due diligence. This tactical gamesmanship should not be permitted.

## Conclusion

For the reasons stated above, Defendants respectfully request that the Court strike Soverain's Amended Complaint.

Respectfully submitted,

By: /s/ Max L. Tribble
Max L. Tribble (attorney in charge)
TX Bar No. 20213950
mtribble@susmangodfrey.com
Victoria Capitaine
TX Bar No. 24031912
vcapitaine@susmangodfrey.com
SUSMAN GODFREY, L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Fax: (713) 654-6666

Parker C. Folse, III
WA Bar No. 24895
pfolse@susmangodfrey.com
Brooke A.M. Taylor
WA Bar No. 33190
btaylor@susmangodfrey.com
SUSMAN GODFREY, L.L.P.
1201 Third Avenue, Suite 3100
Seattle, Washington 98101-3000
Telephone: (206) 516-3880
Fax: (206) 516-3883

By: /s/ David A. Nelson
David A. Nelson (attorney in charge)
IL Bar No. 6209632
dnelson@lw.com
Israel Sasha Mayergoyz
IL Bar No. 6271800
LATHAM & WATKINS, LLP
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 876-6569
Fax: (312) 993-9767

Eric Findlay
efindlay@rameyflock.com
RAMEY & FLOCK, P.C.
100 E. Ferguson, Suite 500
P.O. Box 62902
Telephone: (903) 597-3301
Fax: (903) 597-2413

*Attorneys for Defendant The Gap, Inc.*

J. Christopher Carraway
OR Bar No. 96172
christopher.carraway@klarquist.com
Richard D. Mc Leod
TX Bar No. 24026836
rick.mcleod@klarquist.com
John D. Vandenberg
OR Bar No. 89375
john.vandenberg@klarquist.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street, Suite 1600
Portland, Oregon 97204
Telephone: (503) 226-7391
Fax: (503) 228-9446

OF COUNSEL:

David A. Zapolsky
WA Bar No. 22451
davidz@amazon.com
Vice President and Associate General Counsel
Amazon.com, Inc.
P.O. Box 81226
Seattle, WA 98101-1226
Telephone: (206) 266-1323
Fax: (206) 266-7010

***Attorneys for Defendant Amazon.com, Inc.***

## PROOF OF SERVICE

The undersigned certifies that on the 19th day of October, 2004, the foregoing pleading was electronically filed with the Court. Pursuant to Local Rule CV-5, this constitutes service on the following counsel:

| | |
|---|---|
| Carl Roth | cr@rothfirm.com |
| Thomas L. Giannetti | tlgiannetti@jonesday.com |
| Kenneth Adamo | kradamo@jonesday.com |
| Michael C. Smith | ms@rothfirm.com |
| Jennifer Seraphine | jseraphine@jonesday.com |
| Kennth L. Stein | klstein@jonesday.com |
| Ognjan V. Shentov | ovshentov@jonesday.com |
| Richard H. An | rhan@jonesday.com |

In addition, the undersigned certifies that on the 19th day of October, 2004, a true copy of the foregoing pleading was served on the following counsel of record herein by email and facsimile:

Carl Roth
cr@rothfirm.com
Fax: 903-935-1797

Thomas L. Giannetti
tlgiannetti@jonesday.com
Fax: 212-755-7306

Kenneth Adamo
kradamo@jonesday.com
Fax: 214-969-5100

/s/ Max L. Tribble
Max L. Tribble

## CERTIFICATE OF CONFERENCE

Counsel for Defendants and Plaintiff have conferred in a good faith attempt to resolve the matters raised in this motion without court intervention. Plaintiff is opposed to this motion.

/s/ Max L. Tribble
Max L. Tribble