IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| SOVERAIN SOFTWARE LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 6:04cv14 |
| | ) | |
| (1) AMAZON.COM INC., | ) | Hon. Leonard E. Davis |
| (2) THE GAP, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
JOINT MOTION TO ENSURE COMPLIANCE
WITH P.R. 3-7 BY STRIKING AMENDED COMPLAINT**

This motion presents a scheduling question which neither is answered by the Docket Control Order nor by the Patent Rules. Where the Docket Control Order permits pleadings to be amended by a specified date, and the parties amend their pleadings on the specified date, but the specified date falls within the time period for the Initial Disclosure Process under Patent Rule 3, how are such amended pleadings to be accommodated under the schedule?

The Docket Control Order in this case established October 6, 2004 as a date by which the parties could amend their pleadings without obtaining further leave of the Court. On that date, two amended pleadings were filed.

Plaintiff Soverain Software LLC ("Soverain") filed an Amended Complaint. The Amended Complaint alleges infringement of five patents -- an addition of two patents to the original pleading -- resulting in the addition of four new patent claims, all of which accuse the same technology already accused of infringement in this action.

Defendant Amazon.com, Inc. ("Amazon") filed its First Amended Answer, Affirmative Defenses and Counterclaims. Amazon's amended pleading alleges twenty new and separate instances of inequitable conduct in the prosecution of the three patents identified in the original Complaint.

Amazon and its co-defendant The Gap, Inc. ("Gap") (collectively "Defendants") suggest that the answer to the scheduling question is: (i) to strike Soverain's amended pleading; and (ii) force Soverain to deal with Amazon's amended pleading with no modification of the schedule.

Soverain contends that both amended pleadings can be accommodated under the present schedule, without unfairly prejudicing either side, if the Markman hearing (and related dates) are adjourned by no more than six to eight weeks. In order to facilitate this schedule, Soverain already has provided Defendants with claim charts for the four new claims.[1]

## Background

On April 2, 2004, the Court issued a Notice of Scheduling Conference, Proposed Dates for Docket Control Order, and Discovery Order. The proposed dates included an October 6, 2004 deadline to "Amend Pleadings." Most of these proposed dates, including the cut-off date for amended pleadings, were agreed to by the parties.

On October 6, 2004, the deadline established by the Docket Control Order, Soverain amended its original Complaint. Of significance are the facts that:

- The Amended Complaint alleges the infringement of two additional patents.

- The two additional patents both issued from the same application filed in 1993, having a single inventor -- David Gifford.

- The two additional patents result in the assertion in this action of only four new patent claims.

---

[1] A copy of the claim charts provided to Defendants is annexed hereto as Exhibit 1.

- 2 -

- The technology accused of infringement under the newly added patents -- the hardware and software for Defendants' e-commerce websites -- remains unchanged.

- The newly added patents -- like the ones already at issue in this case -- arose out of the work of Open Market, Inc. ("OMI") in the mid-1990s.

- The application (Ser. No. 168,519) which resulted in the two new patents is discussed and incorporated by reference in the three patents asserted in the original Complaint.

- U.S. Patent No. 5,724,424, the parent of the two new patents, with which they share a common specification, is listed in Amazon's P.R. 4-3(b) submission on claim construction as intrinsic evidence as to how the terms of all the original three patents should be construed.

- Amazon has used cites from the '424 patent as evidence in support of its construction of 11 terms in dispute.

- Claims in one of the new patents (U.S. Patent No. 6,195,649) overlap to a significant extent with issues in two of the original asserted patents (the '314 and the '492 patents) with respect to "an open network sales system."

- There is a significant overlap in the terminology in the original three asserted patents and the two new patents, such as "buyer computer(s)"; "merchant computers"; computers being interconnected by a "public packet switched communications network"; "requests"; and "computers being programmed to."

On the same date that Soverain amended its pleading, Amazon filed an amended pleading of its own. Of significance are the facts that:

- The Amended Answer alleges twenty new and separate instances of inequitable conduct.

- Some of the alleged prior art which is identified by Amazon as the basis for these new allegations had not previously been disclosed by Amazon.

Soverain has moved to dismiss Amazon's amended pleading pursuant to F.R. Civ. P. 12(b)(6), or in the alternative for a more definite statement pursuant to F.R. Civ. P. 12(e).

NYI-2164931v1

Defendants have moved to strike Soverain's Amended Complaint as an unauthorized amendment of its Patent Rule 3-1 preliminary infringement contentions.

## Argument

Defendants acknowledge that "Plaintiff could have filed a separate complaint to assert the two additional patents," but they ignore the fact that Soverain had a right to amend its Complaint, just as Amazon had a right to amend its Answer.

Defendants argue that the filing by Soverain of the Amended Complaint is analogous to the situation presented in <u>STMicroelectronics, Inc. v. Motorola, Inc.</u>, Memorandum Opinion and Order, CA No. 4:03-cv-276 (E.D. Tex. Mar. 10, 2004) (Davis, J). The two situations are not analogous. In <u>STMicroelectronics, Inc.</u>, a party violated Patent Rule 3-7 when it attempted to amend its preliminary infringement contentions by adding new claims and new accused products without an order of the Court. In the instant situation, there has been no violation by Soverain of either the Docket Control Order or the Patent Rules. To the contrary, this motion is directed against a filing made on a timely basis and in compliance with the Docket Control Order. See F.R. Civ. P. 16(b)(1).

There likewise is no basis for Defendants' attempt to analogize Soverain's amended pleading to what happened in <u>STMicroelectronics, Inc.</u> where one party sought to disadvantage the other by ignoring the Docket Control Order.[2] Soverain timely filed its amended pleading. Soverain already has provided Defendants with claim charts with respect to the four new patent claims raised by the amended pleading. And Soverain has consulted with Defendants to explore whether the parties could jointly propose an adjournment of no more than six to eight weeks for

---

[2] Defendants also attempt to portray the Amended Complaint as a supplemental pleading, and in support of this argument they point to the fact that the Amended Complaint alleges Defendants have notice of the two new patents as early as the filing of the Amended Complaint. A fair reading of the Amended Complaint confirms that it is an amended pleading. See F.R. Civ. P 8(f).

the Markman hearing so as to ensure that neither party has been disadvantaged by the other side's amended pleading. Unfortunately, there is no such joint proposal.

What Defendants fail to address in their motion is how an amended pleading which is allowed under the Docket Control Order can best be accommodated without disrupting the schedule in this case. There appear to be several options. The first option, as suggested by Soverain, is one which is fair to all sides and serves the interests of judicial economy. With a slight modification of the dates leading up to, and for, the Markman hearing, the trial date can be maintained and all of the issues can be resolved at one time. The second option is a variation of the first, in that it also modifies dates subsequent to the Markman hearing, including, if necessary, the trial date. Although this likewise is a minor scheduling adjustment, *i.e.* a maximum of six to eight weeks, it is not favored by any of the parties. The third option is to maintain the current schedule with respect to the three patents in the original Complaint, and have a separate schedule for the two new patents. This option would be unfair to Soverain if it is nonetheless required to address Amazon's twenty new instances of inequitable conduct as part of the current schedule. In addition, option number three (which, in essence, is the motion by Defendants) is a huge waste of this Court's resources. A fourth option, of course, is the striking of the Amended Complaint as proposed by Defendants. This option results in an enormous waste of judicial resources; penalizes Soverain for acting in accordance with the Docket Control Order; ignores the impact of the filing of the Amended Answer by Amazon; and ensures that the trial in this case will not be the final resolution of the issues between these parties.

## Conclusion

For the foregoing reasons, Defendants' Joint Motion to Ensure Compliance with P.R. 3-7 by Striking Amended Complaint should be denied.

Respectfully submitted,

_/s/ Kenneth R. Adamo w/ permission_
Kenneth R. Adamo (Bar No. 00846960)
Attorney In Charge
JONES DAY
2727 North Harwood Street
Dallas, Texas  75201
Telephone:    (214) 220-1515
Facsimile:     (214) 969-5100
E-mail:  kradamo@jonesday.com

Thomas L. Giannetti
Ognjan V. Shentov
Jennifer Seraphine
JONES DAY
222 East 41st Street
New York, New York  10017
Telephone:    (212) 326-3939
Facsimile:     (212) 755-7306
E-mail:  tlgiannetti@jonesday.com

Carl R. Roth (Bar No. 17312000)
Michael Smith (Bar No. 18650410)
THE ROTH LAW FIRM LLC
115 N. Wellington, Suite 200
Marshall, Texas  75670
Telephone:    (903) 935-1665
Facsimile:     (903) 935-1797
E-mail:  cr@rothfirm.com

ATTORNEYS FOR PLAINTIFF
SOVERAIN SOFTWARE LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| SOVERAIN SOFTWARE LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 6:04cv14 |
| | ) | |
| (1) AMAZON.COM INC., | ) | Hon. Leonard E. Davis |
| (2) THE GAP, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**[Proposed]**

**ORDER DENYING DEFENDANTS' JOINT MOTION TO ENSURE COMPLIANCE WITH P.R. 3-7 BY STRIKING AMENDED COMPLAINT**

This Cause having come before the Court on Defendants' Joint Motion To Ensure Compliance With P.R. 3-7 By Striking Amended Complaint, it is Ordered and Adjudged that the Motion is DENIED.

_____

_____

_____

NYI-2164931v1

## PROOF OF SERVICE

The undersigned certifies that on the 3rd day of November, 2004, the foregoing pleading was electronically filed with the Court. Pursuant to Local Rule CV-5, this constitutes service on the following counsel:

| | |
|---|---|
| Max. L. Tribble | mtribble@susmangodfrey.com |
| Victoria Capitaine | vcapitaine@susmangodfrey.com |
| Parker C. Folse III | pfolse@susmangodfrey.com |
| Brooke A. M. Taylor | btaylor@susmangodfrey.com |
| David A. Nelson | dnelson@lw.com |
| Eric Findlay | efindlay@rameyflock.com |
| J. Christopher Carraway | christopher.carraway@klarquist.com |
| Richard D. McLeod | rick.mcleod@klarquist.com |
| John D. Vandenberg | john.vandenberg@klarquist.com |

Thomas L. Giannetti