IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS, TYLER DIVISION

| | | |
|---|---|---|
| SOVERAIN SOFTWARE LLC, | § | |
| Plaintiffs, | § | Hon. Leonard E. Davis |
| | § | |
| v. | § | Civil Action No. 6-04CV14 |
| | § | |
| AMAZON.COM, INC., and | § | |
| THE GAP, INC., | § | JURY TRIAL DEMANDED |
| Defendants. | § | |

## DEFENDANTS' REPLY IN SUPPORT OF THEIR JOINT MOTION TO ENFORCE COMPLIANCE WITH P.R. 3-7 BY STRIKING AMENDED COMPLAINT

Soverain Software LLC's ("Soverain's") response to the pending motion does not take the Patent Rules, this Court's schedule, or the Federal Rules of Civil Procedure seriously. The fact remains that Soverain waited 10 months after filing suit (and at least three months after receiving documents concerning Defendants' accused systems) to assert patents that issued three years ago. Soverain does not explain its failure to comply with the rules, nor does Soverain make any showing of good cause as explicitly required by Federal Rule of Civil Procedure 16(b) and Patent Rule 3-7. Soverain was required to comply with the rules and demonstrate good cause for amending this Court's scheduling order under Rule 16(b) and for amending Soverain's infringement contentions under P.R. 3-7. It has failed to do so. The Court should strike Soverain's amended complaint.

### Soverain Wrongfully Seeks to Amend its P.R. 3-1 Infringement Contentions Without Showing Good Cause

Like the proverbial ostrich, Soverain sticks its head in the sand and ignores the clear mandate of the rules requiring it to show "good cause" for amending its infringement contentions. The issue squarely before the Court is whether Soverain should be permitted to add new patents, assert new claims, and amend its P.R. 3-1

contentions after the deadline for doing so has long since expired.  Soverain argues that it should be permitted to add new patents and new claims simply because it filed an amended pleading by the deadline for doing so.  That argument misses the point.  The deadline set by the Court for amending pleadings does not trump all of the Court's separate and more specific deadlines that preceded it.  In particular, it does not dispense with the good cause requirement under Federal Rule of Civil Procedure 16(b) and P.R. 3-7.  A complaint can be amended in ways that do not impact any other deadlines or court rules, but that is not the case here.  Here, Soverain had an obligation to show good cause for changes that, in effect, would obviate separate court-ordered deadlines.  It should not be permitted to ignore those obligations.[1]

Rule 16(b) of the Federal Rules of Civil Procedure provides that "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge."  This Court's Patent Rules further provide that "[a]mendment or modification of the Preliminary or Final Infringement Contentions or the Preliminary or Final Invalidity Contentions, other than as expressly permitted in P.R. 3-6, may be made only by order of the Court, which shall be entered only upon a showing of good cause."  P.R. 3-7 (emphasis added).

In order to assert particular claims from the additional patents, Soverain must seek to amend the scheduling order in this case and make the showing of good cause required

---

[1]     Amazon.com filed an amended answer in compliance with the pleading amendment deadline. Although Soverain implies otherwise, this amended answer does not violate the Patent Rules or otherwise require re-setting any deadlines. Amazon.com's amendment added more specific allegations of inequitable conduct, as well as new defenses of a covenant not to sue and unclean hands. In contrast to Soverain's infringement allegations that were due on June 3, 2004, there is nothing in the Court's Patent Rules that required Amazon.com to disclose its allegations of inequitable conduct, unclean hands, or a covenant not to sue at any time. Furthermore, all of these allegations were uncovered as Amazon.com reviewed Soverain's production documents, which revealed the disturbing pattern of concealing prior art from the Patent Office, the unclean hands, and the covenant not to sue.

by the rules. *See STMicroelectronics, Inc. v. Motorola, Inc.*, Memorandum Opinion and Order, CA No. 4:03-CV-276 (E.D. Tex. Mar. 10, 2004) (Davis, J.). Soverain surprisingly does not even mention "good cause" it its brief, nor does Soverain present any argument why it could not, despite the exercise of diligence, meet the deadline for 3-1 disclosures set by the current scheduling order. Soverain's amended complaint should be stricken for failure to comply with the rules governing its lawsuit.

### Soverain's Proposed "Cure" is Inadequate and Prejudicial

Although the clear deadline for service of claim charts was June 3, 2004, Soverain unilaterally served Defendants on October 28, 2004 with new claim charts regarding the newly asserted patents. Those new disclosures are attached to its response brief as Exhibit 1. More than four months after the deadline, Soverain asserts 13 pages of new infringement contentions to which Defendants must respond by conducting discovery, researching prior art, preparing potential terms for construction, preparing proposed claim construction, and preparing new claim construction briefs. The current schedule, framed by the Court's carefully planned Patent Rules, set aside approximately 10 months for completing those tasks with respect to the claims disclosed in compliance with the June 3 deadline. With respect to its tardy new claims, Soverain insists that the entire patent contentions and claim construction process be condensed into a 6-8 week time frame.

The parties are far into the Patent Rule process leading to *Markman* hearings. Allowing the amended complaint would require, at least as to the additional patents, a complete re-setting of all Patent Rule deadlines. Essentially, the schedule of this case would have to be wound back to where it was five months ago, before the Patent Rule 3-1 disclosure of asserted claims was due.

In *STMicroelectronics, Inc. v. Motorola, Inc.,* STM attempted a similar end-run around this Court's Patent Rules without showing good cause and diligence. In *STMicroelectronics,* this Court considered STM's tardy attempt to amend its asserted patent claims and preliminary infringement contentions. Motorola, represented by the same lawyers who represent Soverain in this suit, argued correctly that the "good cause" standard was not met. Like STM, Soverain cannot show good cause justifying its last-minute amendment. Such a drastic change in the posture of this case should not be made without requiring Soverain to demonstrate that it had good cause for waiting nearly 10 months after filing this case to assert patents that issued three years ago.

Soverain attempts to side-step the good cause requirement for the obvious reason that it cannot satisfy that requirement. Soverain cannot demonstrate that, despite the exercise of diligence, it was unable to assert the three-year old Gifford Patents prior to expiration of the deadlines relating to claim construction. As the Court noted in *STMicroelectronics,* a plaintiff such as Soverain is "unquestionably the party in the best position to make the Initial disclosures because it is the party that chose when to bring suit." STM Order, at 9 n. 6. Soverain chose to bring this suit based on three patents and waited until after the parties were far down the Patent Rules' disclosure path and *Markman* process before adding two more patents that it owned and could have asserted at the time it initiated this lawsuit.

Both the Federal Rules and the Court's Patent Rules are designed to further the interest of judicial economy and avoid unnecessary delay. Soverain's attempt to add new claims and new infringement contentions violates this Court's scheduling order, the Federal Rules, and the Patent Rules.

## Conclusion

Soverain has wholly failed to make the required showing of good cause for amending its asserted claims and infringement contentions under P.R. 3-1.  For the reasons stated above, Defendants respectfully request that the Court strike Soverain's Amended Complaint.

Respectfully submitted,

By: /s/ Max L. Tribble
Max L. Tribble (attorney in charge)
TX Bar No. 20213950
mtribble@susmangodfrey.com
Victoria Capitaine
TX Bar No. 24031912
vcapitaine@susmangodfrey.com
SUSMAN GODFREY, L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Fax: (713) 654-6666

Parker C. Folse, III
WA Bar No. 24895
pfolse@susmangodfrey.com
Brooke A.M. Taylor
WA Bar No. 33190
btaylor@susmangodfrey.com
SUSMAN GODFREY, L.L.P.
1201 Third Avenue, Suite 3100
Seattle, Washington 98101-3000
Telephone: (206) 516-3880
Fax:  (206) 516-3883

J. Christopher Carraway
OR Bar No. 96172
christopher.carraway@klarquist.com
Richard D. Mc Leod
TX Bar No. 24026836
rick.mcleod@klarquist.com
John D. Vandenberg
OR Bar No. 89375

By: /s/ David A. Nelson
David A. Nelson (attorney in charge)
IL Bar No. 6209632
david.nelson@lw.com
Israel Sasha Mayergoyz
IL Bar No. 6271800
LATHAM & WATKINS, LLP
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago, Illinois 60606
Telephone:  (312) 876-6569
Fax:  (312) 993-9767

Eric Findlay
efindlay@rameyflock.com
RAMEY & FLOCK, P.C.
100 E. Ferguson, Suite 500
P.O. Box 62902
Telephone: (903) 597-3301
Fax: (903) 597-2413

***Attorneys for Defendant The Gap, Inc.***

john.vandenberg@klarquist.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street, Suite 1600
Portland, Oregon  97204
Telephone:  (503) 226-7391
Fax:  (503) 228-9446

OF COUNSEL:

David A. Zapolsky
WA Bar No. 22451
davidz@amazon.com
Vice President and Associate General Counsel
Amazon.com, Inc.
P.O. Box 81226
Seattle, WA 98101-1226
Telephone: (206) 266-1323
Fax: (206) 266-7010

***Attorneys for Defendant Amazon.com, Inc.***

## PROOF OF SERVICE

The undersigned certifies that on the 16th day of November, 2004, the foregoing pleading was electronically filed with the Court.  Pursuant to Local Rule CV-5, this constitutes service on the following counsel:

| | |
|---|---|
| Carl Roth | cr@rothfirm.com |
| Thomas L. Giannetti | tlgiannetti@jonesday.com |
| Kenneth Adamo | kradamo@jonesday.com |
| Michael C. Smith | ms@rothfirm.com |
| Jennifer Seraphine | jseraphine@jonesday.com |
| Kennth L. Stein | klstein@jonesday.com |
| Ognjan V. Shentov | ovshentov@jonesday.com |
| Richard H. An | rhan@jonesday.com |

 /s/ Max L. Tribble
Max L. Tribble