IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| SOVERAIN SOFTWARE LLC, | § | |
| | § | Hon. Leonard E. Davis |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 6-04CV14 |
| | § | |
| (1) AMAZON.COM, INC., and | § | |
| (2) THE GAP, INC., | § | JURY TRIAL DEMANDED |
| | § | |
| Defendants. | § | |

**AMAZON.COM, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NON-INFRINGEMENT OF '780 PATENT CLAIMS 1-27, 29-45**

**I.   INTRODUCTION**

Amazon.com, Inc. ("Amazon.com") moves the Court to enter partial summary judgment of non-infringement of claims 1-27 and 29-45 of the '780 Patent. Each of Soverain Software LLC's technical experts has expressed the opinion that a "session" is limited to an interaction between a single client computer and a server system using a single session identifier, and that if the session identifier can be used by more than two client computers simultaneously, it would not be a "session identifier" establishing a "session" as those terms are used in the '780 Patent (hereafter "'780 SID").[1]

Because Amazon.com's 3-7-7 identifier can be used by more than two client computers simultaneously, it is not a session identifier establishing a session under the scope of the '780 Patent. Because it is the only value in the URL that Soverain has alleged qualifies as a '780 SID, and because it does not possess the characteristics that

---

[1] Because the expert reports and testimony sometimes refers to "session identifier" generically and sometimes as claimed by the '780 Patent, this motion uses "'780 SID" as shorthand for a "session identifier" that is used in a "session" as the Court has construed those claim terms.

their experts have testified that a '780 SID has under the Court's claim construction, summary judgment of non-infringement must be granted.

## II. STATEMENT OF MATERIAL FACTS

1. Claims 1-27 and 29-45 each recite the presence of a session identifier that is appended as part of a path name in a uniform resource locator ("URL").

2. Soverain has alleged that Amazon.com's 3-7-7 identifier is the session identifier required by the claims of the '780 Patent.

3. On April 7, 2005, the Court issued its Memorandum Opinion construing the claims terms "session" and "session identifier" as follows:

| session identifier | A text string that identifies a session |
| --- | --- |
| session | A series of requests and responses to perform a complete task or tasks between a client and a server system |

4. On May 9, 2005, Dr. Michael Shamos submitted an expert report on behalf of Soverain Software. See Exhibit A, ("Shamos Rep."). In his report, he stated:

> "[The H3 session identifier] used therein is not a session id for the simple reason that it can be used in more than one session, can change during a session, and can be used by multiple parties in different sessions simultaneously and thus does not identify a session. [] The same session id is used for more than one user. [] Thus, whatever function the id accomplishes, it is not a session id within the meaning of the claims." Shamos Rep. ¶ 106

> "[The Condom Country session identifier] is not a session id, since it is used every time a user accesses the system and in fact the user may have multiple sessions open, all of which would be identifier by the same [session identifier]." Shamos Rep. ¶ 107

5. At the deposition of Dr. Shamos, he confirmed his view:

> Q. Can you tell me the characteristics of a session identifier? []
> A. Okay. Well, an identifier -- well, a session identifier has to identify a session, and it has to identify. And if it doesn't identify uniquely, for example, if it can be -- if the identifier can be confused with other sessions, that may be in progress simultaneously, and it doesn't satisfy the requirement of identifying -- of identifying a session.

*See* Exh. B, Deposition of Dr. Michael Shamos, 164:10-11; 166:2-9.

6. Also on May 9, 2005, Mr. Peter Martin submitted an expert report on behalf of Soverain Software. *See* Exh. C ("Martin Rep."). In his report at ¶¶ 32-36, Mr. Martin states that the session identifier used by the Condom Country ("CC") and Hot Hot Hot ("H3") websites are not '780 session identifiers. He states that website interactions with reconstructions of the H3 and CC websites recorded on AMZN-WV-001 and AMZN-WV-002 are insufficient to show that the websites had '780 SIDs. Regarding the H3 system, he states:

> "multiple users sharing a common identifier, whether to ***collude, cooperate or interfere*** should be able to perform tasks from separate clients within the same ostensible session, ***contrary*** to the meaning of 'session' as a series of requests and responses to perform a complete task between a client and a server system." ¶ 35. (emphasis added).

7. He makes a similar statement regarding the Condom Country website. ¶ 33.

8. In a draft of Mr. Martin's report, he referred explicitly to the Court's Markman opinion when formulating the above opinions. *See* Exh. D, MART137-138, ¶¶ 29, 31. In his submitted report, he removed the reference to the Markman opinion, but retained the Court's constructions for "session" and "session identifier."[2] *See* Exh. F, Martin Dep., 150:5-151:4.

9. At Mr. Martin's deposition on May 26, 2005, he described this in detail:

> "[W]hat I had in mind was a case where an employee at a company had two computers on his desk and was using two computers, or two individuals -- or one individual was making use of two computers in a library or some situations like that where the two desktop computers were at the same facility and were accessing the Internet through some common technology in between." *See* Martin Dep., 275:25-276:7

---

[2] It should be noted that if Mr. Martin's opinions are not based on the Court's Markman opinion then Mr. Martin must be precluded from testifying regarding session and session identifier.

10. Mr. Martin testified the CC website did not have a '780 SID because multiple client computers theoretically could use the same session identifier simultaneously:

> Q. Okay. So my question to you is, is it your opinion that Condom Country does not use session IDs as that term is used in the '780 patent because Condom Country allows multiple clients to use the same session?
> A. I believe -- I believe that is correct, yes. Yes.
> Q. Why do you think that?
> A. I think that because a session between a client and a server needs to meet certain conditions, and when there are cases where those conditions appear to be met, and there are other cases which are perfectly reasonable scenarios on the Internet where those conditions are not met, that the notion of "session" should perhaps not be applied. That's a technical opinion.
> Q. And based upon your examination of the Condom Country code, Condom Country did not use sessions as you understand that term to be used?
> A. That is correct.

*See* Martin Dep. 274:20-275:17.

11. On June 3, 2005, Dr. Jack Grimes gave deposition testimony on behalf of Soverain Software. In his deposition, he testified:

> Q. So if an identifier does not refer to a session between a specific client and the server, would you discount that as being a session identifier? In the context of the '780 patent.
> A. Well, in the context of the '780 the session is between a client and a server. So the session ID would identify the -- a series of requests and responses to perform a complete task between a client and a server. So the session would correspond to that set of tasks between the client and the server.
>
> Q. And if two different clients are using the same -- if a server allows two different clients to use the same identifier to engage in requests and responses with the session -- with the server at the same time, that identifier would not be a session identifier, would it?
> A. I would expect not. I believe it would be -- there would be one -- each client would have its own session identifier.

*See* Exh. G, Deposition of Dr. Jack Grimes.[3]

12. Any number of clients, whether communicating through a common gateway as Mr. Martin hypothesized or from independent Internet service providers, can share the same 3-7-7 identifier when accessing the Amazon.com website. *See* Exh. H, Declaration of Dr. Richard N. Taylor ("Taylor Decl.") ¶¶ 4-10, and supporting QuickTime video files on AMZN-SIDVID-1.

13. When sharing occurs, users can "collude, cooperate or interfere" (in Mr. Martin's words) with the order that is referenced by the 3-7-7 identifier. *Id.* The Amazon website has exhibited this behavior in the six years prior to the filing of suit. *See Id.*; *also* Exh. I, Declaration of Peter D. Cohen, Jr. ("Cohen Decl.") ¶¶ 4-9; and Exh. J, Declaration of Neil Roseman. ("Roseman Decl."), ¶¶ 4-10.

14. Sharing 3-7-7 identifiers can occur as a result of using a URL that was received via email, posted on a bulletin board, obtained by packet sniffing (i.e. hacking,) or other causes. Cohen Decl. ¶ 8. Roseman Decl. ¶ 8.

## III. DISCUSSION

### A. Summary Judgment Standard

Summary judgment is an "integral part" of the Federal Rules of Civil Procedure, rules which are designed "to secure the just, speedy and inexpensive determination of every action.'" Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1). The Court must determine "whether the evidence presents a sufficient

---

[3] Dr. Grimes differs from Mr. Martin on what "client" is. To Dr. Grimes, it is software such as a browser running on a single computer, such that multiple clients can be running simultaneously. Grimes Dep., 219:9-16. To Mr. Martin, it is a single computer. See Martin Dep., 275:25-276:7. For the purposes of this motion, the difference is immaterial, because the Amazon 3-7-7 identifier can be shared by the same browser in different windows, different browsers running on the same machine, or machines located on different networks.

disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). A motion for summary judgment should be granted if the record, taken as a whole, "together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex, 477 U.S. at 323-25; Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998). Under Fed. R. Civ. Prov 56(c), depositions and pleadings may be relied upon to support affidavits as competent summary judgment evidence.

### B. Literal Infringement Requires That Each and Every Element of the Asserted Claim Be Present/Performed

Liability for infringement is strictly governed by the patent statute. North American Philips Corp. v. American Vending Sales Inc., 35 F.3d 1576, 1579 (Fed. Cir. 1994) ("The cause of action for patent infringement is created and defined by statute."). Section 271 of the statute recites the specific acts that can constitute infringement of a patent. 35 U.S.C. § 271. Absent falling within one of those enumerated statutory acts, there can be no infringement. Deepsouth Packing Co. v. Laitram Corp., 406 U.S. 518, 525-30 (1972). Literal infringement is a strict doctrine. For a claim to be literally infringed, all of its claim limitations must be present in the accused system or method. See, e.g., Acco Brands, Inc. v. Micro Security Devices, Inc., 346 F.3d 1075 (Fed. Cir. 2003 (affirming summary judgment of no literal infringement).

Additionally, the claims have the same meaning for analyzing both infringement and invalidity. Amgen, Inc. v. Hoechst Marion Roussell, Inc., 314 F.3d 1313, 1330 (Fed. Cir. 2003) ("It is axiomatic that claims are construed the same way for both invalidity and infringement.") (citing W.L. Gore & Assoc., Inc. v. Garlock, Inc., 842 F.2d 1275,

1279 (Fed. Cir. 1988)).

Here, Plaintiff Soverain has the burden of proving that the accused system or method includes a "session identifier" appended "as part of a path name" of an URL that maintain a "session" between a client and server system, i.e. a '780 SID establishing a '780 session. Because Amazon.com's system does not use a '780 SID, there can be no literal infringement.

Similarly, Soverain cannot prevail under the doctrine of equivalents because the claims were amended to overcome the prior art by requiring that a "session identifier" be appended "as part of a path name" of an URL "within a session of requests" which raises prosecution history estoppel. See Bai v. L & L Wings, 160 F.3d 1350 (Fed. Cir. 1998). In Bai, the patent applicant amended the claim at issue during prosecution by adding a limitation (requiring a member to be hemispherical) to overcome the prior art. Id. at 1352. The Federal Circuit upheld the district court's grant of summary judgment of non-infringement because no reasonable jury could conclude that the accused device satisfied that added claim limitation and because prosecution history estoppel limited the plaintiff from reclaiming the subject matter given up during prosecution. Id. at 1354, 1356.

Establishing infringement under the doctrine of equivalent requires an element-by-element proof of the same way-function-result. Warner-Jenkinson v. Hilton Davis. Chem. Co., 520 US 17 (1997). Soverain has not provided an element-by-element analysis that identifies any equivalent structure that will match a "session identifier" that is appended as part of a path name in a URL. Indeed, its final invalidity contentions do not provide an equivalents analysis for the session identifier or session at all. There being no contention of any actual equivalent, there can be no infringement under the doctrine of

equivalents.

### C. Soverain Cannot Prove Infringement of Claims 1-27 and 29-45 of the '780 Patent Because Amazon.com Does not put a '780 SID in the URL

Soverain's three technical experts have reviewed the Court's Markman ruling and concluded that session identifiers that identifies sessions as those terms are used in the '780 patent have a specific characteristic derived from the Court's construction: they are restricted to usage between a single client computer and a server system. If the identifier is shared between multiple client computers and the server system, then it is not a '780 Patent session identifier that is established a '780 Patent session. Since all three of the technical experts are in agreement that this is the proper factual application of the Court's claim construction, Soverain cannot establish infringement as a matter of law.

Soverain's experts appear to have taken this position to avoid invalidity over several prior art systems, in particular, the Hot Hot Hot and Condom Country websites that have been reconstructed from their original source materials. These materials were recovered from persons involved in the original design of those websites and they have confirmed that the websites are authentic.[4]

Claims have the same construction for both invalidity and infringement analysis. E.g., Amgen, 314 F.3d at 1330. Having sought this construction to avoid invalidity of the claims, Soverain must now face the consequences regarding non-infringement. The very behavior that Soverain's proffered experts find is not within the scope of the '780 has been a characteristic factor in interactions with the Amazon.com website at least as early as January 1998. Cohen Decl., ¶ 9, Roseman Decl., ¶¶ 9-10. Because Amazon.com's 3-7-7 session identifier does not encode any client-identifying information, no computer at

---

[4] In fact, both of these companies are still in business today. See http://www.hothothot.com and http://www.condomcountry.com.

Amazon.com can distinguish between requests that originate from different clients or computers based solely on the 3-7-7 number. As a result, any number of client computers, regardless of the remote network configuration can use the same session identifier to interact with Amazon.com website. Since the 3-7-7 identifier actually identifies an order (or prospective order), and not a client,[5] this behavior is not unexpected. It is simply not possible to identify a specific client using the 3-7-7 identifier because it does not contain any information that can identify a client uniquely.

The true function of the 3-7-7 identifier can be examined by disabling cookies and clearing all state information held in cookies by the client computers.[6] In the absence of all other identifying information that is provided by the cookie mechanism, the 3-7-7 identifier stands alone. When this is done, it can be demonstrated how the 3-7-7 identifier can be shared by several clients simultaneously.

Mr. Martin stated that what he had in mind was either one person using two computers, or two people, possibly with a "common technology in between." Dr. Taylor (in conjunction with Mr. Erenkrantz) recorded two such scenarios for the Court, which are shown in the QuickTime video files that accompany his declaration. After reviewing the operation of the website, Dr. Taylor concludes that Soverain's experts essentially

---

[5] While it is true that some internal Amazon.com documents refer to the 3-7-7 identifier as a session identifier, this usage does reflect the claim construction relied upon by Soverain's proferred technical experts.

[6] The introduction of "cookies" has been attributed to Lou Montulli of Netscape in September 1994, although they had been described at various times by Jay Weber (Enterprise Integration Technologies), Dave Raggett (Hewlett Packard), and Phillip Hallam-Baker (CERN) in early 1994. Cookies are not passed in the URL during an HTTP request. They are passed as subordinate headers. Dr. Grimes has testified that a session identifier in a cookie would not infringe the session identifier claims of the '780 Patent. *Grimes Dep.*, 169:9-172:17

have declared that the Amazon 3-7-7 does not infringe the claims of the '780 Patent. Taylor Decl., ¶¶ 11-13.

The following tests demonstrate how the Amazon.com website does not maintain session integrity using the 3-7-7 identifier.

### 1. <u>Scenario One – Three computers</u>

The first scenario demonstrates that different computers can interact with the same order on the Amazon.com website using the same 3-7-7 identifier. For clarity, three different browsers also are used so that the three users are distinguished more easily. (See OperaCapture1.mov, SafariCapture1.mov, and FirefoxCapture1.mov on AMZN-SIDVID-1, attached as Exhibit 1 to the Declaration of Dr. Richard N. Taylor.) Each window also includes synchronized clocks, so that the sequence of events is easier to follow. The following chart summarizes the interactions with the Amazon.com website and the three browsers, and demonstrates how the website cannot distinguish between the requests coming from the separate clients.

As can be seen, each user at each computer sees products that were not added to the order by that user. Thus, Amazon.com does not establish '780 "sessions" using the 3-7-7 identifier because there is overlapping interactions between multiple clients.

| Time index | User | Action / Response |
|---|---|---|
| 11:59:35 | Safari | Obtains the 3-7-7 identifier, 104-4144457-3799943 and selects the DVD "Patton" |
| 12:00:35 | FireFox | Enters a URL with the same 3-7-7 identifier<br>■ Sees the order containing the "Patton" DVD<br>■ User is anonymous |
| 12:01:00 | Opera | Enters a URL with the same 3-7-7 identifier<br>■ Sees the order containing the "Patton" DVD<br>■ User is anonymous |
| 12:01:30 | Firefox | logs in as "rick.mcleod@klarquist.com" |
| 12:01:41 | Safari | Clicks on Amazon tab<br>-- Sees response page identifying user as Rick Mc Leod |

| 12:01:50 | Opera | Clicks on "Your Store" tab<br>-- receives response identifying "Rick's Store" |
|---|---|---|
| 12:02:10 | Opera | Adds "Collins Gem Italian" to order<br>-- Sees "Patton" and "Collins Gem Italian" in order |
| 12:02:29 | Safari | Adds "All the President's Men" to order<br>-- Sees "Patton" and "Collins Gem Italian" and "All the President's Men" in order |
| 12:02:41 | Firefox | Deletes "Patton" (only visible item) from order<br>-- Sees "Collins Gem Italian" and "All the President's Men" in order |
| 12:03:18 | Safari | Enters password for "rick.mcleod@klarquist.com" |
| 12:03:35 | Opera | Enters password for "rick.mcleod@klarquist.com" |
| 12:03:58 | Firefox | Enters password for "rick.mcleod@klarquist.com" |
| 12:04:31 | Safari | Click on "Ship to Address"<br>-- Sees only "Collins Gem Italian" and "All the President's Men" in order |

### 2. Scenario Two – Two computers

In this scenario, the actions of two users were captured on two separate computers; the first running the Firefox browser (FirefoxCapture2.mov) and the second running the Safari browser (SafariCapture2.mov). *See* AMZN-SIDVID-1. In the Firefox browser, a user interacts with the Amazon.com website using the 3-7-7 identifier 104-0123277-09904305. A copy of the book, "Freakonomics" is selected for purchase. While the Firefox user is idle, the Safari user selects a second item using the same 3-7-7 identifier. When the Firefox user checks the order, both items are listed. The Firefox user logs into the website using the id, taylor@ics.uci.edu and the website lists his shipping address in Irvine, CA on the next screen. Shortly thereafter, the Safari user logs into the website using the id, rick.mcleod@klarquist.com. As the Firefox user advances to the next page in the checkout process, he discovers that his shipping address has unexpectedly changed to Portland, OR and that an item has "mysteriously" disappeared from his order.

In summary, during the course of a very simple transaction, the Firefox user has witnessed the Safari user thwarting his interactions with the Amazon.com website. Accordingly, session integrity is not maintained by the 3-7-7 identifier in the URL.

**D. Doctrine of Equivalents**

The Court has granted Soverain's motion to deem Dr. Grimes expert report as Soverain's Final Infringement Contentions. *See* Docket No. 288. However, Dr. Grimes performed no analysis as to how the doctrine of equivalents would be satisfied by Amazon's 3-7-7 identifier. In his report, Dr. Grimes opined that Amazon.com literally infringed claim 1, 4, 5, 8, 9, and 12 of the '780 Patent.[7] Grimes Rep, ¶¶ 55, 58. There is no contention that Amazon.com infringes these claims under the doctrine of equivalents. For the remaining claims, Dr. Grimes provides no analysis of what the equivalent of the "session identifier" appended to the path name of a URL or a "session" is. Infringement under the doctrine of equivalents requires an element by element identification of the function-way-result alleged to satisfy the claims.

Dr. Grimes has further testified that information stored in "cookies" will not infringe the claims of the '780 Patent. *Grimes Dep.*, 169:9-172:17. There is therefore, no element that even could satisfy the doctrine of equivalents. In contrast, Amazon.com has demonstrated that the only accused element, the 3-7-7 identifier that appears in the URL, does not establish a session within the construction of the term. Accordingly, there can be no infringement under the doctrine of equivalents.

---

[7] Because Soverain has failed to assert doctrine of equivalents infringement in its final infringement contentions (and identify any equivalent structure), it should be precluded from arguing the doctrine to avoid summary judgment of non-infringement of the asserted session ID claims of the '780 patent.

## IV. CONCLUSION

Because Soverain's experts agree that a "session identifier" that can be shared by more than one client can not be a '780 "session identifier" that establishes a '780 session with the claims of the '780 Patent, and because Amazon.com has shown that it is absolutely possible for its 3-7-7 identifier to be shared by multiple clients simultaneously, Soverain cannot prove infringement of the claims 1-27 and 29-45 of the '780 Patent.

Dated this 10th day of June, 2005.

Respectfully submitted,

By: /s/Richard D. Mc Leod  (w/permission)
Max L. Tribble (attorney in charge)
TX Bar No. 20213950
mtribble@susmangodfrey.com
SUSMAN GODFREY, L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Fax: (713) 654-6666

Parker C. Folse, III, WA Bar No. 24895
pfolse@susmangodfrey.com
Brooke A.M. Taylor, WA Bar No. 33190
btaylor@susmangodfrey.com
SUSMAN GODFREY, L.L.P.
1201 Third Avenue, Suite 3100
Seattle, Washington 98101-3000
Telephone: (206) 516-3880
Fax: (206) 516-3883

J. Christopher Carraway, OR Bar No. 96172
christopher.carraway@klarquist.com
Richard D. Mc Leod, TX Bar No. 24026836
rick.mcleod@klarquist.com
John D. Vandenberg, OR Bar No. 89375
john.vandenberg@klarquist.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street, Suite 1600
Portland, Oregon 97204
Telephone: (503) 595-5300

Fax: (503) 595-5301

OF COUNSEL:

David A. Zapolsky, WA Bar No. 22451
davidz@amazon.com
Vice President and Associate General Counsel
Amazon.com, Inc.
P.O. Box 81226
Seattle, WA 98101-1226
Telephone: (206) 266-1323
Fax: (206) 266-7010

***Attorneys for Defendant Amazon.com, Inc.***

## PROOF OF SERVICE

The undersigned certifies that on the 10th day of June, 2005, the foregoing pleading was electronically filed with the Court. Pursuant to Local Rule CV-5, this constitutes service on the following counsel:

| | |
|---|---|
| Carl Roth | cr@rothfirm.com |
| Thomas L. Giannetti | tlgiannetti@jonesday.com |
| Kenneth Adamo | kradamo@jonesday.com |
| Michael C. Smith | ms@rothfirm.com |
| Jennifer Seraphine | jseraphine@jonesday.com |
| Kennth L. Stein | klstein@jonesday.com |
| Ognjan V. Shentov | ovshentov@jonesday.com |
| Richard H. An | rhan@jonesday.com |

**Attorneys for Plaintiff Soverain Software, LLC**

*/s/ Toni R. Lavelle*
Toni R. Lavelle