**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| SOVERAIN SOFTWARE LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Hon. Leonard E. Davis |
| | ) | |
| vs. | ) | Civil Action No. 6:04-CV-14 |
| | ) | |
| AMAZON.COM, INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

**SOVERAIN SOFTWARE LLC'S SURREPLY IN OPPOSITION
TO AMAZON'S MOTION FOR PARTIAL SUMMARY JUDGMENT
<u>THAT CLAIMS ARE INDEFINITE UNDER 35 U.S.C. § 112</u>**

**INTRODUCTION**

In its Reply Brief, Amazon attempts to cast all three issues before the Court in this motion as claim <u>correction</u> issues, rather than claim <u>construction</u> issues, apparently realizing that it has little to no chance of having the claims declared indefinite based on a claim construction dispute. In particular, the Court may hold a claim indefinite on the latter basis only if it finds the claim "insolubly ambiguous, and no narrowing construction can properly be adopted."[1] Only one of the three issues, relating to only 2 of the 24 claims identified by Amazon, however, involves a correction to the claims; namely, whether the term "said payment computer" in '314 claims 37 and 38 should be changed to "said shopping cart computer." The other two issues involve only straightforward claim construction; namely, whether, in '314 claims 34-39 and '492 claims 1-5, 17-18 and 35-36, terms of the form "at least one … computer" provide an antecedent basis for terms of the form "said … computer," and whether, in '780 claims 28, 32-33, 35 and 38-42, certain claim terms provide an antecedent basis for the term "the client and server system." These terms are far from "insolubly ambiguous" — they are in fact crystal clear.

For example, the use of "the" or "said" to refer back to an element introduced with "at least one," such as using "said buyer computer" to refer back to "at least one buyer computer," is commonplace, as evidenced by numerous cases involving claims using that formulation. In none of those cases, even those where the indefiniteness of other terms was in dispute, did a party assert, as Amazon does here, that that formulation renders a claim indefinite. Amazon has itself used the same formulation in its own patents — it plainly then has no trouble understanding what that formulation means, except of course when it appears in Soverain's patents. That simply is not credible.

With respect to the antecedent basis for "the client and server system," Amazon simply ignores the claim language identified by Soverain that expressly provides the antecedent basis for that term.

---

[1] *See* Soverain's Oppostion to Amazon's Motion for Partial Summary Judgment that Claims are Indefinite under 35 U.S.C. § 112 ("Soverain's Opp.") at 3-4.

As to the correction issue, there is, in Soverain's view, only one reasonable correction that can be made to '314 claims 37 and 38. Moreover, the alternative corrections proposed by Amazon are simply an exercise in form over substance — the correction requested by Soverain and Amazon's alternative corrections are all equivalent in scope. The claims therefore serve their purpose of apprising the public of the metes and bounds of the invention. The cases cited by Amazon simply do not address this situation.

### A. Claims 34-39 Of The '314 Patent And Claims 1-5, 17-18, And 35-36 Of The '492 Patent Are Not Indefinite.

In its Reply Brief at pages 4-5, Amazon again asserts that the term "said … computer," when referring back to an antecedent clause of the form "at least one … computer," has "multiple potential meanings," and, as a result, renders the claims "indefinite." In so doing, Amazon ignores the fact that that formulation (*i.e.*, using "said" or "the" to refer back to an element introduced by "at least one") is commonplace, occurring in even Amazon's own patents, and is easily understood by anyone fairly reading Soverain's patents.

As Soverain explained on page 1 of its Opposition Brief, "said buyer computer" in these claims means the same thing as "said at least one buyer computer" — patent law, however, simply does not require a subsequent recitation of a claim element to include the exact language, including all modifiers, of the original recitation.[2] For a given claim, the term is met by a single (*i.e.*, "at least one") buyer computer that includes all the requirements for a buyer computer set forth in the claim. No court has ever invalidated a claim as indefinite based on the claim's use of this formulation.

Significantly, numerous cases have addressed claims containing the exact same formulation used by Soverain and neither the courts nor the parties in those cases had any trouble understanding the meaning of that formulation. For example, in *Hill-Rom, Inc. v. Ohmeda Medical*,[3] the Federal Circuit considered the following claim language:

---

[2] *See also* Soverain's Opp. at 5-8.
[3] 34 Fed. Appx. 733, 2002 WL 770180 (Fed. Cir. 2002).

<blockquote>
at least one fan and at least one heater providing *heated air from said infant support* traveling over an infant and said support;

whereby said device is operable to function as a radiant warmer with said canopy raised above said support and said heater activated, and is operable to function as an incubator with said canopy lowered onto said support and said fan and heater providing *a heated air curtain* activated.[4]
</blockquote>

Only the italicized language was in dispute. With respect to the underlined language, which corresponds directly to the language used in Soverain's claims, the Federal Circuit had no trouble whatsoever interpreting it — it concisely stated that "the phrase 'said fan and heater' in claim 17 finds its antecedent basis in the phrase 'at least one fan and at least one heater.'"[5]

Similarly, in *SDS USA, Inc. v. Ken Specialties, Inc.*,[6] the district court considered whether the following claim language was indefinite:

<blockquote>
at least one *retractable elongate member*, said *elongate member* mounted for movement between a retracted position where said *elongate member* is disengaged from at least one of said rotary bodies and an extended position where said *elongate member* engages both said first and second rotary bodies ….[7]
</blockquote>

The defendant alleged that the term "elongate member" was indefinite because it was not defined in the patent. Even though the court was specifically addressing the issue of indefiniteness, neither the court nor the defendant had any problem understanding that the antecedent basis for "said elongate member" was the earlier recited "at least one retractable elongate member." Certainly the defendant or the Court would have addressed that issue if the antecedent basis for that term was unclear.[8] Notably, *SDS USA* also provides a good example of how claim terms are

---

[4] *Id.*, 34 Fed. Appx. at 735, 2002 WL 770180, at *1-2 (all emphasis added unless otherwise indicated).

[5] *Id.*, 34 Fed. Appx. at 736, 2002 WL 770180, at *3. *Hill-Rom* is an unpublished opinion and is "not citable as precedent." Fed. Cir. R. 47.6(b). It may however be considered as persuasive authority. *See Giese v. Pierce Chem. Co.*, 43 F. Supp. 2d 98, 103 n.1 (D. Mass. 1999).

[6] 107 F. Supp. 2d 574 (D.N.J. 2000).

[7] *Id.* at 580 (italics in original, underlining added).

[8] *See also Sliptrack Sys., Inc. v. Steeler Metals, Inc.*, 04-0462, 2004 WL 2323935, at *2 (N.D. Cal. 2004) (The court considering claim language reciting "at least one of said flanges having at least one vertical slot therein" and "said header positioned so that said hole is aligned with said vertical slot," but no issue raised as to the definiteness of "said vertical slot."); *Enzo Life Sciences, Inc. v. Digene Corp.*, 305 F. Supp. 2d 406, 409 (D. Del. 2004) (The court considering claim language reciting "a first complex or complexes comprising at least one signaling domain, or at least one capturing domain, or both," "said capturing entities characterized in being (A) complexed or capable of complexing with said capturing domain in said first complex or complexes," and "one or more complex forming moieties which are capable of complexing with said signaling domain in said first complex or complexes," but no issue raised as to the definiteness of "said capturing domain" or "said signaling domain."); *Leoutsakos v. Coll's*

routinely shortened when subsequent reference is made back to them — "at least one retractable elongate member" being shortened to "said elongate member." Under Amazon's erroneous theory, all subsequent references to the "elongate member" would have had to be in the cumbersome form "said at least one retractable elongate member" — failure to do so would, according to Amazon, result in the claim being indefinite. That, however, is not the law.

Even more significantly, Amazon has itself used, in its own patents, the exact same formulation that it complains of Soverain using here — *i.e.*, using "the" or "said" to refer back to an element introduced as "at least one." Soverain provided examples of Amazon's usage of this formulation in the paragraph bridging pages 6-7 of Soverain's Opposition Brief. Amazon simply ignores those examples. Plainly though, Amazon's patents demonstrate that Amazon has no true problem ascertaining the meaning of claims using that formulation. Its convoluted arguments here are simply designed to confuse the Court into believing that there may be indefiniteness issues where none exist.

Amazon asserts that the references to "said … computer" in the claims must be "<u>corrected</u>" to recite either "one computer of said at least one … computer" or "each computer of said at least one … computer."[9] No <u>correction</u> is, however, needed — again, numerous courts have considered claims containing the identical formulation and none had any difficulty <u>construing</u> those claims. Only Amazon has any trouble with this formulation — and then only when it is found in Soverain's patents, not its own.

Amazon's argument is in fact based on a fundamentally incorrect premise — namely, that the "at least one … computer" clause <u>must be</u> construed to cover <u>more than one</u> computer if

---

(continued…)

*Hosp. Pharmacy, Inc.*, 00-356, 2002 WL 126608, at *2 (D.N.H. 2002) (The court considering claim language reciting "a support tube having <u>at least one leg</u>," "<u>at least one tubular member</u> having an internal bore for slidable receipt of <u>said tube leg</u>," and means to attach <u>said tubular member</u>," but no issue raised as to the definiteness of "said tube leg" or "said tubular member").

[9] Amazon's Reply at 4. Contrary to Amazon's assertion at page 5 of its Reply, Soverain <u>never</u> proposed that the claims be corrected to recite "each and every one of the 'at least one … computer.'" The portion of Soverain's brief cited by Amazon simply explained that the "said buyer computer" clauses recite additional requirements "for each and every one of the 'at least one buyer computer'" recited earlier in the claim. The import of that statement was, as Soverain explained, that a computer that is not programmed in the manner recited in the "said buyer clause" "is not a buyer computer, as claimed." *See* Soverain's Opp. at 6. That conclusion is a matter of straightforward claim interpretation — no correction to the claims is required and none was suggested by Soverain.

multiple computers meet the requirements set forth in that clause.[10]  That is wrong.  Clearly, the meaning of "at least one" is "one or more."  The clause requires only a single computer, having the recited features.  If such a computer exists in an infringing system then the claim limitation is satisfied.  It is basic patent law that, in claims containing the transitional phrase "comprising," such as the ones here, infringement cannot be avoided by adding elements to an otherwise infringing system.[11]  But that is what Amazon erroneously proposes.

Amazon dismisses as a "distraction" Soverain's argument that Amazon's theory, if adopted, would apply equally to terms introduced with "a" or "an" and, as a result, render most claims indefinite.[12]  Amazon, however, offers no legitimate rebuttal to that argument.[13]

Amazon also asserts that "Soverain's proposal violates basic laws of claim construction by (a) giving the term 'buyer computer' different constructions for different claims or (b) rendering dependent claims redundant."[14]  Amazon is wrong again.  Soverain's point was that the claims themselves specify the operations performed by the various claimed computers, including the buyer computer.  The fact that, as a result, dependent claims may specify additional limitations on a buyer computer is not a violation of any patent laws.  To the contrary, it is routine — patents often contain dependent claims that specify additional limitations on elements recited earlier in the claims from which they depend.[15]  That also does not mean, contrary to

---

[10] *See, e.g.,* Amazon's Reply at 5-6.

[11] *See, e.g., Amstar Corp. v. Envirotech Corp.*, 730 F.2d 1476, 1482 (Fed. Cir. 1984).

[12] For example, with respect to claim 34 discussed above, if an otherwise infringing system also contained <u>a</u> buyer computer that met the limitations of the first clause, but not the second, then, applying Amazon's theory, that system would, as a result, not infringe.

[13] Amazon cites *Abtox, Inc. v. Exitron Corp.*, 122 F.3d 1019, 1023 (Fed. Cir. 1997), *amended by* 131 F.3d 1009 (Fed. Cir. 1997), and *Elkay Mfg. v. Ebco Mfg.*, 192 F.3d 973, 977 (Fed. Cir. 1999) for the proposition that the cases cited by Soverain "do not stand for the proposition that 'a' or 'an' literally means [sic] 'at least one.'"  *See* Amazon's Reply at 7 n.5.  Both those cases however recognize that, "in patent claim parlance," the article "a" "can carry the meaning of 'one or more'" in "a claim using the transitional phrase 'comprising.'"  It is the rare exception for "a" or "an" to be construed otherwise in such claims.  *See KCJ Corp. v. Kinetic Concepts, Inc.*, 223 F.3d 1351, 1356 (Fed. Cir. 2000).  In any event, those cases do nothing to address Soverain's point — Amazon's theory, if applied consistently, would still render the overwhelming number of patents, where the exception does not apply, invalid for indefiniteness.

[14] Amazon's Reply at 6.

[15] *See Transmatic, Inc. v. Gulton Indus., Inc.*, 53 F.3d 1270, 1277 (Fed. Cir. 1995) ("Consistent with the claim differentiation doctrine, the term 'light housing' in claim 1 is <u>broader in scope</u> than in claim 3 and other dependent claims."); *Specialty Composites v. Cabot Corp.*, 845 F.2d 981, 988 (Fed. Cir. 1988) ("An accepted rule of claim construction suggests that, since the dependent claims 8 and 16 add an external plasticizer as a limitation [to the

Amazon's assertion, that all the limitations of the dependent claims must be imported into the claims from which they depend or that the dependent claims are redundant.[16]

### B.     Claims 28, 32-33, 35, And 38-42 Of The '780 Patent Are Not Indefinite.

In its Reply Brief at p. 7, Amazon asserts that claims 28, 32-33, 35 and 38-42 "all require that 'communications between <u>the client and server system</u> are according to hypertext transfer protocol'" and that since the underlined term "lacks antecedent basis" it is "impossible to tell what 'client and server system' must communicate according to HTTP." Amazon then concludes that those claims are indefinite.[17] In so doing, Amazon completely ignores portions of Soverain's Opposition Brief that identify where the antecedent basis for each usage of that term is found.[18]

Claim 28, for example, recites the step of "<u>responding to a request</u> for a document <u>received from a client</u> through the network in which the document has been purchased by the user wherein <u>communications between the client and server system are according to hypertext transfer protocol</u>."[19] As Soverain explained in its Opposition Brief at pp. 10-11, a device that responds to requests "<u>from a client</u>" is, by definition, <u>a server</u>. Thus, the antecedent bases for both the <u>client</u> and <u>server</u> system exist. In addition, the final underlined clause plainly means that communications between the <u>client</u>, recited earlier in the claim, and the system that "respond[s] to a request for a document … from [the] client," *i.e.*, the <u>server</u>, are "according to hypertext transfer protocol." Given this straightforward interpretation of the claim, the language that Amazon complains of is certainly not so "insolubly ambiguous" as to render it invalid for indefiniteness.

---

(continued…)

polymeric foam recited in claims 1 and 11], the broader independent claims 1 and 11 do not have this limitation.").
[16] *See id.* Amazon cites *Southwall Techs. v. Cardinal IG Co.*, 54 F.3d 1570, 1579 (Fed. Cir. 1995) for the proposition that "a claim term must not be given different constructions for different claims." Amazon's Reply at 6. That case however did not address the situation here, where the issue is whether claims may recite terms of varying scope, which, as the cases cited above show, they plainly may.
[17] *See* Amazon's Reply at 9.
[18] *See* Soverain's Opp. at 10, last paragraph, through page 11, second full paragraph.
[19] '780 patent, col. 117, lines 27-31.

Claim 32 similarly recites "<u>means for receiving service requests from clients</u> and for determining whether a service request includes a session identifier, <u>wherein communications between the client and server system are according to hypertext transfer protocol</u>."[20] Again, a device that "receive[s] service requests <u>from clients</u>" is, by definition, <u>a server</u>, and thus the antecedent basis for both terms exists.[21] In addition, the final underlined clause again plainly means that communications between a client and the device that "receive[s] services requests from clients," *i.e.*, a <u>server</u>, are "according to hypertext transfer protocol." Again, the claim has a reasonable interpretation and certainly is not so "insolubly ambiguous" as to render it invalid for indefiniteness.

Claim 40 recites both "[a]n information <u>server</u> on a network" and "means for responding to requests for hypertext pages received from <u>a client</u> through the network by returning the requested hypertext pages to <u>the client</u>." It thus expressly recites both a "<u>server</u>" and a "<u>client</u>."[22] In addition, the claim's requirement that "communications between the client and server system are according to hypertext transfer protocol" plainly refers to the communications between the <u>client</u> and the <u>server</u> recited elsewhere in the claim. Again, the claim is certainly not so "insolubly ambiguous" as to render it invalid for indefiniteness.[23] Claims 33, 35, 38-39 and 41-42 are dependent on claims 28, 32 and 40 and are not indefinite for the same reasons given above for those claims.

Amazon asserts that "Soverain does not even try to argue that ['780 claims 28, 32-33, 35 and 38-42] meet the requirements for <u>correction</u>."[24] But those claims <u>do not</u> require correction — they are easily construed, and definite, in their present form. Amazon also criticizes Soverain's analysis, stating that "Soverain asserts there is sufficient antecedent basis for 'the

---

[20] *Id.* at col. 117, lines 58-62.
[21] *See* Soverain's Opposition at 11.
[22] *See id.*
[23] Amazon asserts that "Soverain's Opposition never says which messages or actions in the claims must be according to HTTP." (Amazon's Reply at p. 8). But Amazon's specific complaint was that the term "the client and server system" lacked antecedent basis. Once the antecedent basis for that term was identified, as Soverain had done, it necessarily followed that the HTTP communications recited in the claims were between the identified client and server.
[24] Amazon's Reply at 9.

client and server system' because the claims recite either 'a client' or 'a server' (but not both) somewhere in the claims."[25] Amazon's criticism is without merit. *First*, claim 40 in fact recites <u>both</u> a <u>client</u> and a <u>server</u>. *Second*, as discussed above, claims 28 and 32 recite a "client" or "clients" <u>and</u> a device that responds to requests "<u>from a client</u>" (claim 28) or a device that "receive[s] service requests <u>from clients</u>" (claim 32), both of which, by definition, are <u>servers</u>. *Third*, as explained in Soverain's Opposition at page 10, the terms "client" and "server" go hand-in-hand — the existence of one implies the existence of the other.[26] Those skilled in the art would understand that the "<u>client</u>" recited in the claims must communicate with a <u>server</u>.[27]

### C. <u>Claims 37 And 38 Of The '314 Patent Are Not Indefinite.</u>

Soverain explained in its Opposition Brief that the term "said payment computer" in '314 claims 37 and 38, which has no antecedent basis, should be corrected to recite "said shopping cart computer," which has an antecedent basis in independent claim 34. Amazon responds by citing portions of the specification that describe a payment computer performing operations like those recited in claims 37 and 38 and asserts that Soverain never explains "why this correction [*i.e.*, changing "said payment computer" to "said shopping cart computer"] is more likely than the other corrections from Amazon.com's Motion, such as [changing "said payment computer"

---

[25] Amazon's Reply at 8.

[26] As to the last point, Amazon asserts that *Astra Aktiebolag* stands only for the proposition that "components inherent in a claim element can find antecedent basis in the claim element itself." Amazon's Reply at 8. There is however no justification for reading *Astra Aktiebolag* in the narrow manner suggested by Amazon. The fundamental test is whether the "meaning of the claim is discernible." *See Exxon Res. &Eng'g Corp.v. United States*, 265 F.3d 1371. 1375 (Fed. Cir. 2001). Since a <u>client</u> computer must, by definition, communicate with a <u>server</u> computer, there is simply no ambiguity in the phrase "communications between the client and server system, even if only a "client" is expressly recited in the claim.

[27] Amazon's other arguments similarly lack merit. For example, Amazon asserts that other claims of the '780 patent are of no help in understanding the meaning of the term "the client and server system." Amazon's Reply at 9. Those claims however provide further confirmation that the <u>client</u> recited in the claims at issue must communicate with a <u>server</u>. In addition, Amazon asserts that its expert "Dr. Taylor was not required to discuss definiteness because his expert report addresses the prior art requirements in 35 U.S.C. §§ 102-103, not the definiteness requirement of § 112 ¶ 2." *Id*. Amazon however misses the point — Dr. Taylor's report plainly demonstrates that he had no difficulty construing the claims at issue here, and, in particular, that he understood that those claims involved communications between a <u>client</u> and a <u>server</u>, even if the claims did not explicitly use the term "server." *See* Taylor's Report, dated April 11, 2005, pp. 81-82, discussing '780 claim 28 — Dr. Taylor stating that "[i]n all the above cases (Smithson, Hall, Trewitt, Derler), the requested document could be returned to the <u>client</u> in the body of an HTTP message from <u>the server</u> to <u>the client</u> – this of course is the standard way of returning bodies of information from an <u>http server to a client</u>."

to] 'a payment computer.'"[28] Claim 34, from which claims 37 and 38 depend, is directed, however, solely to shopping cart operations and, in particular, recites a "shopping cart computer" that performs numerous operations on a shopping cart. Claims 37 and 38 recite additional operations on the shopping cart, <u>but no operation associated with payment</u>. Accordingly, the only reasonable and natural conclusion is that claims 37 and 38 are providing additional limitations on the shopping cart computer recited in claim 34, and the recitation of "said payment computer" was simply an error.

Notably, all of the alternative corrections to claims 37 and 38 proposed by Amazon have the same scope as the correction proposed by Soverain.[29] The claims as written thus plainly serve their purpose of apprising the public of the metes and bounds of the invention. None of the cases cited by Amazon address such a situation. For example, in *Novo Indus. v. Micro Molds Corp.*, the court noted that were three different possible corrections to the term "stop means formed on a rotatable with said support finger": (1) "deletion of the words 'a rotatable with'"; (2) "deletion of the words 'with said'"; and (3) "chang[ing] the word 'a' to 'and.'"[30] Those alternative corrections are plainly not equivalent in scope — for example, the first alternative eliminates the "rotatable" limitation from the claim, while the other two do not. The other cases cited by Amazon do not address at all the issue of alternative constructions.[31]

---

[28] Amazon's Reply at 3.

[29] Soverain's Opp. at 9-10.

[30] 350 F.3d 1348, 1357 (Fed. Cir. 2003).

[31] *Allen Eng'g Corp. v. Bartell Indus., Inc.*, 299 F.3d 1336 (Fed. Cir. 2002) addressed two issues. The first issue was whether a claim that was plainly cut-off, ending in the middle of a limitation (*i.e.*, "coupled to said gearbox means by rigid"), is indefinite. The court held that it was because "it is impossible to discern the scope of such a truncated limitation." *Id.* at 1349. The second issue was whether a claim that required rotation of a gear box in a plane "perpendicular" to a "biaxial plane" was indefinite when the specification specified that the gearbox "<u>cannot pivot</u>" in that plane. The court held that it was, because "[w]here it would be apparent to one of skill in the art, based on the specification, that the invention set forth in a claim is not what the patentee regarded as his invention, we must hold that claim invalid under § 112, paragraph 2." *Id.* Neither of these issues apply here — claims 37 and 38 are not truncated and do not claim an invention that the inventors did not regard as their invention. *Group One Ltd. v. Hallmark Cards, Inc.*, 407 F.3d 1297 (Fed. Cir. 2005) involved a Patent Office printing error resulting in the omission of certain language from the claims. The court held that the error was not correctable by the court because the error "is not evident from the face of the patent." *Id.* at 1303. Again, that is not the situation here, since the errors in claims 37 and 38 are evident from the face of the patent. In *Messerschmidt v. United States*, 29 Fed. Cl. 1, 42-43 (Fed. Cl. 1993) the court addressed only the issue of how to <u>interpret</u> the claim term "said first and second levers"; it did not consider <u>correcting</u> the term.

Amazon asserts that its alternative corrections are not equivalent in scope for two reasons.[32] Both are wrong. *First*, Amazon asserts that, since, as a general principle, "different claim terms are given different meanings," "'a payment computer' presumptively has a different meaning from 'said shopping cart computer.'" However, the only operations required by claims 37 and 38 are shopping cart operations — those at issue here require in particular responding, in claim 38, to a fetch shopping cart request transmitted from a buyer computer in claim 37. As long as a computer responds to the fetch shopping cart request, as claimed, the limitation is met.

*Second*, Amazon asserts that "under one correction ('the shopping cart computer') all the functions recited in claims 37 and 38 must be performed by the same computer as the 'shopping cart computer' that performs several functions in the base claim, claim 34, while under the other correction ('a payment computer') the functions in claims 37 and 38 could be performed by a different computer."[33] However, it is black letter law that multiple claim limitations may be found in a single component in an infringing system.[34] It is also black letter law that a single claim limitation may be met by multiple collective components in an infringing system.[35] Thus, even under the first correction ("the shopping cart computer"), the claims would cover a system in which the recited operations of claims 37 and 38 were performed by different components than the components that perform the operations recited in claim 34.[36] The distinction Amazon seeks to draw is meaningless.

Dated: July 11, 2005

Respectfully submitted,

/s/ Kenneth R. Adamo / with permission

Kenneth R. Adamo (Bar No. 00846960)

---

[32] *See* Amazon's Reply at 4.

[33] *See id.*

[34] *See* Soverain's Opp. at 9-10.

[35] *See, e.g., IGT v. Global Gaming Tech. Inc.*, 42 U.S.P.Q.2d 1144, 1146 (D. Nev. 1997), *aff'd in part, vacated in part*, 194 F.3d 1339 (Fed. Cir. 1999) (unpublished) ("a single claim element in a patent may be found by combining multiple components in the accused device."); *see also Ethicon Endo-Surgery, Inc. v. U.S. Surgical Corp.*, 149 F.3d 1309, 1320 (Fed. Cir. 1998) ("two physical components of an accused device may be viewed in combination to serve as an equivalent of one element of a claimed invention.").

[36] In addition, under the Court's claim construction, a computer is not limited to a single physical device. To the extent that Amazon argues that all operations performed by a shopping cart computer must be performed by a single physical device, its argument is contrary to that construction.

Attorney in Charge
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-1515
Facsimile: (214) 969-5100
E-mail: kradamo@jonesday.com

Thomas L. Giannetti
Ognjan V. Shentov
Kenneth L. Stein
JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
E-mail: tlgiannetti@jonesday.com

Carl R. Roth (Bar No. 17312000)
Michael Smith (Bar No. 18650410)
THE ROTH LAW FIRM P.C.
115 N. Wellington, Suite 200
Marshall, Texas 75670
Telephone: (903) 935-1665
Facsimile: (903) 935-1797
E-mail: cr@rothfirm.com

ATTORNEYS FOR PLAINTIFF
SOVERAIN SOFTWARE LLC

## PROOF OF SERVICE

The undersigned certifies that on the 11th day of July 2005, the foregoing SOVERAIN SOFTWARE LLC'S SURREPLY IN OPPOSITION TO AMAZON'S MOTION FOR PARTIAL SUMMARY JUDGMENT THAT CLAIMS ARE INDEFINITE UNDER 35 U.S.C. § 112 was electronically filed with the Court. Pursuant to Local Rule CV-5, this constitutes service on the following counsel:

| | |
|---|---|
| Max. L. Tribble | mtribble@susmangodfrey.com |
| Victoria Capitaine | vcapitaine@susmangodfrey.com |
| Parker C. Folse III | pfolse@susmangodfrey.com |
| Brooke A. M. Taylor | btaylor@susmangodfrey.com |
| Eric Findlay | efindlay@rameyflock.com |
| J. Christopher Carraway | christopher.carraway@klarquist.com |
| Richard D. McLeod | rick.mcleod@klarquist.com |
| John D. Vandenberg | john.vandenberg@klarquist.com |