IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **SOVERAIN SOFTWARE LLC,** § <br> § <br> **Plaintiff** § <br> § <br> **v.** § <br> § <br> **AMAZON.COM, INC.** § <br> § <br> **Defendant** § | 6:04-CV-14 |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Amazon's motion for partial summary judgment on laches (Docket No. 344). Having considered the parties' written arguments, the Court **DENIES** the motion. Amazon argues Soverain's claim of pre-suit damages is barred by laches. To invoke laches, Amazon must show Soverain's delay in bringing suit was unreasonable and inexcusable causing material economic or evidentiary prejudice.

**BACKGROUND**

Soverain brought suit one day less than six years on United States Patent No. 5,708,780 (the "'780 patent") and slightly less than six years on United States Patent No. 5,715,314 (the "'314 patent") and United States Patent No. 5,909,492 (the "'492 patent"), which is a continuation of the '314 patent. The first and second patents issued in early 1998. Thereafter, Open Market began discussions with some companies regarding these patents, presumably about licensing. The third patent issued in June 1999. Open Market acquired a patent enforcement insurance policy sometime prior to January 2001, and Open Market then brought its first suit on the patents.

1

Divine acquired Open Market between August 2001 and October 2001. Divine brought the second suit on the patents in July 2002. Between July and November 2002, Divine notified fifty companies, which did not include Amazon, of their alleged infringement. About this time, Divine brought suit against ten companies for infringement; these cases settled in January 2003. The next month, Divine went into bankruptcy and reorganized under Chapter 11. Soverain acquired the patents in May 2003 and sued Amazon the next January.

## APPLICABLE LAW

### Summary Judgment

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). An issue of material fact is genuine if the evidence could lead a reasonable jury to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether a genuine issue for trial exists, the court views all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Id.*; *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 587 (1986).

If the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must assert competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations, unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996);

*Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994). The party opposing summary judgment is required to identify evidence in the record and articulate the manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458. "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Summary judgment must be granted if the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

**Laches**

Laches is the neglect or delay in bringing suit to remedy an alleged wrong with a lapse of time and other circumstances that cause prejudice to the defendants and operates as an equitable bar. *A.C. Aukerman Co. V. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1028-29 (Fed. Cir. 1992) (en banc). Where the laches defense is established, the patentee's claim for damages prior to suit may be barred. *Id.* at 1028. When a patentee brings suit more than six years after the date the patentee knew or should have known of the alleged infringement, a presumption of laches arises. *Id*.

To invoke laches, a defendant must prove by a preponderance of the evidence: (1) the patentee's delay in bringing suit was unreasonable and inexcusable, and (2) the alleged infringer suffered material prejudice attributable to the delay. *Id.* at 1028, 1045. A court should consider these factors and all of the evidence and other circumstances to determine whether laches applies. *Id*. These factors do not establish laches, but lay the foundation for the court's exercise of discretion. *Id.* at 1036.

Whether the length of time in bringing suit is unreasonable is dependant on the circumstances. *Id.* at 1032. The period of delay is measured from the time the plaintiff knew or

should have known of the alleged infringement, but it does not begin prior to the patent's issuance. *Id.* A court must also consider the plaintiff's reason for the delay. *Id.* at 1033. Reasons for delay that have been recognized include other litigation, negotiation with the accused, possible poverty under limited circumstances, and patent ownership disputes. *Id.*

Material prejudice may be evidentiary or economic. *Id.* Evidentiary prejudice may arise when the defendant is unable to present a full and fair defense on the merits because records have been lost, witnesses have died, or memories have become unreliable, undermining the court's ability to judge the facts. *Id.* Economic prejudice may arise where a defendant suffers the loss of monetary investments or incurs damages that would have likely been prevented by an earlier suit. *Id.* Material economic losses are not merely those attributable to liability for infringement. *Id.* The defendant must have changed his economic position during the delay period. *Id.* A plaintiff may not sit idly by while damages escalate especially when the infringer could have switched to a noninfringing product had he had notice of his alleged infringement. *Id.* The delay length, the prejudice's seriousness, the reasonableness of excuses, and the defendant's conduct or culpability must be weighed to determine whether the patentee was unfair to the defendant by not promptly bringing suit. *Id.* at 1034.

Laches is committed to the trial judge's sound discretion. *Id.* When the decision on laches is made on summary judgment, there must be no genuine issue of material fact, the burden of proof must be properly allocated, and all pertinent factors must be considered. *Id.* at 1039.

## AMAZON'S ECONOMIC PREJUDICE

Amazon claims it has suffered both material economic and evidentiary prejudice. During the time that Soverain claims Amazon was infringing Soverain's patents, Amazon invested $1.1

billion in expanding its website. Amazon's 30(b)(6) witness testified that Amazon would have switched to non-infringing technologies if Amazon, Open Market, and Amazon's attorneys thought Amazon was infringing the patents in suit. Alternatively, Amazon could have brought a declaratory judgment action before investing that amount of money if it had known of its alleged infringement. Amazon claims that had Soverain (or its predecessors) brought suit soon after the patents issued, its possible royalty damages would be a fraction of what they are now.

Soverain disputes the existence of alternative technologies that Amazon could have used instead of the allegedly infringing technology. Soverain claims there is no nexus that Amazon invested as it did because of the delay in bringing suit rather than because of company strategy and market considerations. Soverain claims Amazon thought the patents were invalid, as Amazon now claims.

Prejudice must result from the patentee's delay in bringing suit and not from a business decision or gamble that the patent owner would not sue. *Gasser Chair Co. v. Infanti Chair Mfg. Corp.*, 60 F.3d 770, 775 (Fed. Cir. 1995). The infringer must prove the change in economic position would not have occurred if the patentee had sued earlier. *Id*. Amazon has not met its burden of proof, and Soverain has raised a material fact question as to whether the requisite nexus between the delay and prejudice exists.

## AMAZON'S EVIDENTIARY PREJUDICE

Amazon claims that the delay caused Amazon material evidentiary prejudice. Third-party witnesses no longer have records regarding possible prior art that would support finding the patents invalid. The alleged inventors have forgotten important facts, such as why they did not disclose certain prior art to the PTO. Additionally, Open Market and the other predecessors-in-interest no

longer have documents important to Amazon's case. Amazon knows some of these documents once existed because they have been produced by third-party witnesses (typically former employees).

Soverain argues that Amazon has not shown a nexus between the lost documents and memories and the delay because Amazon has not shown when the prior art documents and memories were lost. Amazon has not shown what was lost, when it was lost, or the importance of what was lost. Further, Amazon's ability to put forth its inequitable conduct charge on summary judgment proves Amazon has not been substantially prejudiced by any lost evidence. Soverain has raised a material fact issue as to whether a nexus exists between Soverain's delay and Amazon's evidentiary prejudice.

### REASONABLENESS OF SOVERAIN'S DELAY

Because the Court finds that Amazon has not shown the required nexus between its harm and the delay, the Court does not need to address the reasonableness of Soverain's delay.

### CONCLUSION

Soverain has raised a material fact question as to the requisite nexus between Soverian's delay and Amazon's prejudice. Accordingly, the Court **DENIES** Amazon's motion.

**So ORDERED and SIGNED this 8th day of August, 2005.**



_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**